# In re Opening of Knox Street.

*Statutes—Repeal of local law by a local law—Former not revived by unconstitutionality of latter.*

Where a local or special law is repealed by another local or special law, and the latter is then repealed, the former is not revived if there is a general law governing the subject; and the Act of June 6, 1873, P. L. (1874) 407, which was explicitly repealed by the Act of June 26, 1895, P. L. 320, was rendered inoperative by the Act of May 21, 1895, P. L. 87, and is not revived by the fact that the act of May 21, 1895, is unconstitutional.

*Road law—Statutes—Repeal—When continuance must be made.*

The Act of May 21, 1895, P. L. 87, which gave a jury of view six months for their labors, being unconstitutional, proceedings in Philadelphia are to be regulated by the Act of June 13, 1836, P. L. 551, as modified by the Act of March 13, 1867, P. L. 420, and viewers must make their report to the next court; that is, within the next month of their appointment, unless continued by the court; otherwise, the proceedings become defunct, and the court itself has no power by a nunc pro tunc order or otherwise to resuscitate the defunct order to view.

*Road law—Practice, Q. S.—Continuances, how to be made.*

The jurisdiction of the quarter sessions in road cases is purely statutory, and hence the mode of proceeding prescribed by law must be strictly pursued. Reports by juries of view must be made at the next term. The terms in Philadelphia are monthly. If, for any sufficient reason, the report cannot be made to the next term, the proper course is to continue the order to view and make returnable to the next succeeding term; but this must be done before the order has expired; that is, before or during the session of the court to which it is returnable. If that term is permitted to pass without the presentation of the report or an order extending the time for making the same, the order to view becomes, ipso facto, inoperative, and with it the authority of the viewers ceases. The court itself has no power subsequently, by a nunc pro tunc order or otherwise, to resuscitate the defunct order to view. If anything further is attempted, it must be done by proceedings de novo.

Argued Dec. 12, 1899. Appeal, No. 157, Oct. T. 1898, by city of Philadelphia, from judgment of Q. S. Phila. Co., March Term, 1897, Court No. 1, sustaining exceptions to the report of the viewers as to benefits. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Exceptions to report of road viewers. Before BEITLER, J.

The facts sufficiently appear in the opinion of the court below, as follows:

On April 10, 1897, a jury was appointed to assess the damages for the opening of Knox street. It was continued in June, 1897, from July 10, and again on October 7, for three months from the 10th. The report was filed January 6, 1898. It assessed damages and benefits. Among those against whom benefits were assessed is William Wynne Wister, Jr., trustee. He has filed exceptions, the first of which—"That the report of the jury is contrary to law"—raises the question whether the jury was regularly and lawfully continued and its report filed in accordance with law. On behalf of the exceptant it is contended that the report should have been filed in the court of quarter sessions in May, 1897, and as there was no continuance of the jury during that month its power to act was at an end.

The general road law of June 13, 1836,. P. L. 551, provides for the laying out of roads under proceedings in the court of quarter sessions, and also for assessing the damages therefor. The 1st, 5th and 6th sections relate to the laying out of roads by "six persons, qualified as hereinafter provided, to view the ground proposed for such road and make report of their proceedings to the respective court at the next term thereof."

The 3d section expressly provides that "the viewers as aforesaid" (to lay out) "shall make report at the next term of the said court."

The 7th section provides for six viewers to be appointed upon petition of a property owner through whose land a public road shall be opened "to view the premises and assess the damages, if any, which such petitioner may have sustained," and the 8th section requires that the viewers so appointed "shall make report in writing to the next court of quarter sessions."

Knox street was not laid out, nor its opening decreed, upon the report of viewers. It was placed upon the city plan and opened by action of the city authorities. The damages, however, in all such cases have to be assessed by viewers under the 7th section of the act of 1836. The sections of that act just quoted, requiring report to be made to the next term of the court, have been uniformly held to be mandatory. Thus it has been held that they cannot make report during the term at

which they were appointed; In re Bridge over Smithfield Creek, 6 Wh. 363; In re Appleby Manor Road, 1 Gr. 443; In re Road in Baldwin and Lower St. Clair, 36 Pa. 9; that they must report to the next term: In re Boyer's Road, 37 Pa. 257; that a report made at a term succeeding the term next after their appointment or at an adjourned term is irregular and void: In re Springbrook Road, 64 Pa. 451; that if a view cannot be had in time to report to the next term a continuance must be had: In re Baldwin and Snowden Road, 3 Gr. 62; In re Road in Salem Township, 103 Pa. 250; In re Chartiers's Township Road, 48 Pa. 314; In re McConnell's Mill Road, 32 Pa. 285; In re Charlotte Street, 23 Pa. 286; that a report cannot be confirmed nunc pro tunc: In re Road in Salem Township, supra; In re Allegheny Avenue, 3 Pa. Superior Ct. 387.

In 1836 the terms in the quarter sessions of this county were the same as in other counties of the state. The Act of April 14, 1834, P. L. 333, sec. 46, provided that "the courts of quarter sessions of the several counties of the commonwealth shall be holden four times in every year. They shall commence, unless it be otherwise specially provided, on the several days appointed for the commencement of the courts of common pleas of the respective county."

The Act of March 13, 1867, P. L. 420, provided that "the sessions of the court of oyer and terminer, general jail delivery, and quarter sessions of the peace for the city and county of Philadelphia shall hereafter commence on the first Monday of each month instead of the days now fixed by law for the holding of the same."

It would, therefore, seem plain that in all proceedings under the act of 1836, unless altered or amended as to Philadelphia by some later legislation, the viewers, whether appointed to lay out a road or to assess damages for a road laid out and opened by municipal action, must make report to the next court of quarter sessions, that is, within the next month following that in which they were appointed.

An examination of the old records of this court between 1867 and 1870 discloses that most of the juries reported during the next month after their appointment. Their proceedings were evidently less protracted then than now. But in several cases a continuance was necessary, and these continu-

ances were granted from month to month.  Thus in "Street or road in Twenty-first ward, near Wissahickon creek," we find that Judge LUDLOW, on October 19, 1867, extended the time of the jury for filing report, "to the November term of the court of quarter sessions," and "In re Jones street from Twentieth to Twenty-first," the continuances were from month to month.

Has there, however, been provided for this county any special provision saving proceedings from the effect of the act of 1867, or altering the act of 1836?

By the Act of May 6, 1870, P. L. 1304, it was provided:

"Sec. 2. The powers of the jury appointed by said court of quarter sessions shall continue until they shall have reported on the subject-matter for which they were appointed, although a term or terms of the court may intervene."

This act was expressly repealed by the Act of June 6, 1873, P. L. (1874), 407, which provides that jurors in the city of Philadelphia should make their report within three months from the time of their appointment unless the time was extended by the court.  Following this act our court of quarter sessions adopted Rules 11 and 17, which provides that all reports of viewers shall be filed within three months after their appointment unless the time shall be extended.

The act of 1873 was repealed by the Act of June 26, 1895, P. L. 320.  This latter act was undoubtedly intended to be a companion act to the act approved May 21, 1895, P. L. 87, which gave the jury six months for their labors.  The act of 1873 need not have been repealed to give the act of May 21, 1895, full effect, but as it was no longer operative after the latter act became a law, it seemed but logical to repeal it.

The exceptant, however, contends that the act of May 21, 1895, is unconstitutional.  It is entitled, "An act relating to jurors or viewers appointed by the courts of any county coextensive in boundary with a city of the first class to assess damages or benefits for public or municipal improvements requiring the jurors or viewers to complete their duties and to file the report within six months from the date of their appointment."  It enacts:

"Section 1.  That all jurors or viewers appointed by any of the courts of any county coextensive in boundary with a city of the

first class to ascertain and assess damages or benefits caused by the opening of any street or road or the changing of the grade of the same, or the erection and construction of any sewer, bridge or other municipal improvement, or the taking of private property for any public or municipal purpose or improvement, are hereby required to conclude and complete their duties and file their report in the court in which they were appointed within six months from the date of their appointment.

" Sec. 2. That hereinafter, in all proceedings where the report of the said jury or viewers has been filed in any court of any county coextensive in boundary with a city of the first class after the expiration of six months from the date of the appointment by the court of the said jury or viewers no compensation or allowance shall be given or made to said jurors or viewers for their services."

In In re Opening of Worth Street, 5 Dist. Rep. 231, Judge THAYER, without considering at all the question whether this act is constitutional or not, held that the courts have power to extend the time of the jury upon application made and cause shown. Upon the question whether the act is constitutional or not we are forced to the conclusion that the decision of the Supreme Court in Ruan Street, 132 Pa. 257, leaves no room for doubt. It is clearly unconstitutional. The Supreme Court there, in a decision concurred in by five of the seven judges, held that the Act of May 6, 1887, P. L. 87, providing " a peculiar and somewhat cumbrous code of procedure in road cases for the city of Philadelphia, unlike that in use in the rest of the state," was unconstitutional. It was contended in that case that the act of 1887 related to the " practice and procedure " before a court and not to the court's " organization, jurisdiction and powers," and that, therefore, it did not offend against article 5 of the constitution. The Supreme Court, however, stamped the act of 1887 as special and local legislation. The opinion of Mr. Justice WILLIAMS points out the object of classification of cities, the basis on which classification rests, and what kind of legislation is and is not authorized by it. It is laid down flatly that Wheeler v. Philadelphia, 77 Pa. 338, in holding classification of cities constitutional did not authorize special or local legislation on subjects not relating to municipal affairs, and that the constitutional provisions therein referred to forbid legislation on special or

local subjects not relating to the exercise of corporate powers or to corporate officers and their powers and duties.

If the question of the constitutionality of an act similar in its provisions to the act of May 21, 1895, had been before the Supreme Court at the time Ruan Street was argued, the court might have made some exception in favor of such legislation. A very strong argument in favor of the necessity of classification in the matter of the time allowed a jury or viewers to conclude their labors and make report in reference to a street in a city of the first class might have been presented, and perhaps the principle in Wheeler v. Phila. might have been extended to save such an act. It must be remembered that in Philadelphia, the jury must first be furnished with a plan of the street, which must be a double plan showing the property lines and a profile to show the grade. The jury must not only assess damages for the taking of the ground, but for those other injuries inflicted upon the part left by the grade at which the street is opened. Many proceedings in Philadelphia could not be concluded if the jury sat every day for a month or even three months. In fact, however, the jury is generally appointed as soon as the right to a jury arises, but the official plan is rarely then ready and is generally not ready for weeks thereafter. This plan is prepared by an official in the bureau of surveys in the department of public works, and its preparation frequently requires the survey of many lots, sometimes hundreds in number, and a complete survey of the locality to complete the profile plan. For a road through the "hemlock forests of the Pocono mountains" (to borrow Chief Justice PAXSON's language in the dissenting opinion in Ruan Street), "no plan at all, except one made by the jury after its view, would be necessary." Mr. Justice WILLIAMS was of course right in saying that "courts of justice weigh equal rights in the scales of reason, not in those of commerce, and protect the citizen whose scanty possessions are in the country with the same jealous care as the holder of corner lots in a great city." Yet he would, I am sure, be ready to concede that more time is necessary in determining the damages to be awarded for the taking of a part of a lot every square foot of which is worth, as at Broad and Chestnut streets, in Philadelphia, more than an acre of good farm land in any of the populous and thrifty counties surrounding Philadelphia. While

in the one case the jury could not take a month, if it exercised any diligence whatever in the performance of its duties, in the other case it could not conclude its labors in a month with the utmost diligence. As, however, the act of 1895 relates only to the courts of Philadelphia county, and to report of jurors and viewers in what may be termed generally "road cases," it is both local and special, and we are constrained to hold it unconstitutional under the decision in Ruan Street.

We reach this conclusion with much regret. We would rather in any case uphold the legislature sanctioned by the legislative and the executive departments of the government than to declare such legislation unconstitutional. We regret, too, that our fundamental law should deal so minutely with details as to prohibit such necessary and useful legislation as that in the act under consideration. We see no alternative, however, but to declare the act in contravention of the constitution.

This brings us to another question and that is, did the repeal of the act of 1873, which had expressly repealed the act of 1870, revive the latter act?

We must remember that the act of 1836 is a general act. The act of 1867 was a local act intended for another purpose. It was constitutional and it altered the time within which juries could make report. The act of 1870 repealed all limitations. It was local but constitutional. The act of 1873 repealed this act and gave us the same provisions practically as the rest of the state had, and had had under the act of 1836. The act of June, 1895, repealed the act of 1873. No objection can be made to this act of June, 1895.

We must bear in mind that there was evidently no intention on the part of the lawmakers to revive the act of 1870 by the repeal of the act of 1873, for just prior to the enactment of the June act in 1895 they had passed an act in May which they undoubtedly regarded as constitutional, fixing six months as the time within which the jury must make report. Without considering whether the legislature could, if it had so intended and clearly evinced that intention, have revived the act of 1870, by the repeal of the act of 1873 it is at once apparent that there was clearly no intent to revive the act of 1870. If, however, we are not to be guided by the legislative intent, but to apply hard and fast rules of interpretation in determining the ques-

tion, we are driven to the conclusion reached by Judge RICE in Com. v. Kelly, 5 Kulp, 533, in which he held that where a local or special law is repealed by another local or special law, and the latter is then repealed, the former is not revived if there is a general law governing the subject.

It is true that in Zimmerman v. Turnpike Co., 81 * Pa. 96, the Supreme Court held that the repeal in 1868 of an Act passed April 3, 1867, P. L. 734, repealing the 5th section of an Act passed March 20, 1810, 5 Sm. L. 146, relating to a turnpike company, revived the act of 1810. In that case, however, the legislative intent to bring into life the act of 1810 was apparent, and there was no general law regulating or governing the subject to apply if the act of 1810 was not revived. The act of May, 1895, being unconstitutional, proceedings in Philadelphia are to be regulated by the act of 1836 as modified by the act of 1867, and viewers must make their report to the next court, that is, within the next month of their appointment, unless continued by the court.

The whole subject is epitomized in the decision in In re Road in Salem Township, 103 Pa. 252, in which the opinion was written by the present chief justice. He said : " The jurisdiction of the court of quarter sessions in road cases is purely statutory, and hence the mode of proceeding prescribed by the law should be strictly pursued, especially in all matters that are intended to affect individuals or the general public without notice. The 3d section of the general road law of 1836 requires the viewers to make their report at the next term or session of the court after their appointment. The object of this requirement is neither doubtful nor unimportant. As has been repeatedly intimated, the act means just what it says. It was intended to fix definitely a time when all parties interested may have an opportunity of examining the report with the view of excepting thereto, or taking such other action as may be deemed necessary. If for any sufficient reason the report cannot be made to the next term, the proper course is to continue the order to view and make returnable to the next succeeding term ; but this must be done before the order has expired, that is, before or during the session of the court to which it is returnable. If that term is permitted to pass without the presentation of the report, or an order extending the time for making the same,

the order to view becomes, ipso facto, inoperative, and with it the authority of the viewers ceases. The court itself has no power subsequently, by a nunc pro tunc order or otherwise, to resuscitate the defunct order to view. If anything further is attempted, it must be done by proceeding de novo."

The first exception of William Wynne Wister, Jr., trustee, is therefore sustained and the report set aside.

City of Philadelphia appealed.

*Error assigned* among others was (1) in sustaining the exception of William Wynne Wister, Jr., trustee, to the report of the jury which was, that the report of the jury was contrary to law.

*James Alcorn*, assistant city solicitor, with him *David Lavis*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellant.—The appellant contends first that the act of June 26, 1895, does not repeal the act of June 6, 1873. It will be seen that the title does not mention the act of June 6, 1873.

The act of June 26, 1895, if it be intended as a repeal of the act of June 6, 1873, is therefore invalid and unconstitutional, because it violates the said section 3, article 3 of the constitution. Probably the purpose of the act of June 26, 1895, was to repeal the act of June 6, 1873, but such purpose is not expressed in the title of the act. The title of the said act refers to the Acts of May 6, 1870, P. L. 1304, and December 27, 1871, P. L. (1872), 1390, but makes no mention whatever of the act of June 6, 1873. No one reading the title would be notified of the subject-matter contained in the purview of the statute: Cooley's Constitutional Limitations (6th ed.), p. 177 ; Dorsey's Appeal, 72 Pa. 192 ; Road in Phœnixville, 109 Pa. 44. See also, Sewickley v. Sholes, 118 Pa. 165, and Phila. v. Ridge Avenue R. R. Co., 142 Pa. 484.

2. That if the act of June 26, 1895, repeals the act of June 6, 1873, then as the latter act was a repeal of the act of May 6, 1870, the repeal of the act of 1873 revived the act of 1870.

The act of May 6, 1870 permitted a jury to continue until its report was filed, without limitation as to time : Zimmerman v. Turnpike Co., 81* Pa. 96.

3. If the act of 1873, and the act of 1870, is not thereby re-

vived, the general law regulating the subject is the act of May 16, 1891.

The Act of May 16, 1891, P. L. 75, is the last general act relating to the appointment of juries and the assessment of damages. It refers to all municipalities in this commonwealth, and provides a remedy for the recovery of damages and the assessing of benefits for the opening of streets, etc. It does not require a jury to report within a specified time.

4. The phrases "next term," or "next court of quarter sessions," as used in the act of 1836, should be construed as meaning the terms as they then existed.

The act of 1834, made the terms in the quarter sessions quarterly. It was known to the legislature at the time of the passage of the act of 1836 that the "next term," or "next court of quarter sessions," meant the next quarter. The act of 1867, which changed the terms in Philadelphia county to monthly, was not intended to affect the procedure under the general road law of 1836. If that act is in force in Philadelphia county, it should be given the effect which it had at the time of its passage : Endlich on Statutes, p. 113, par. 85.

*C. E. Morgan, Jr.*, for appellee.—The court could only make such an order during the three months. It could not continue the proceedings by an order nunc pro tunc actually entered thereafter : In re Salem Township, 103 Pa. 250 ; In re Allegheny Ave., 3 Pa. Superior Ct. 387.

The act of May 21, 1895, providing that jurors and viewers in Philadelphia county may file their reports within six months after their appointment, is clearly unconstitutional, as a local or special law, under the decision in Ruan Street, 132 Pa. 257, and as demonstrated in the opinion of the learned judge of the court below in the present case. Hence the later act of June 26, 1895, repealing the said act of June 6, 1873, placed all proceedings of this character under the general road law of 1836, which requires reports of road juries to ˗be filed, not within a fixed period of time, but at the next term of the court of quarter sessions, which in Philadelphia is the next month, the act of 1867 having changed the terms of the quarter sessions in this county, making them monthly instead of quarterly, as theretofore.

The language of the act of 1836 is clear and explicit. A report of a road jury must, in each case, be filed at the term of the court which follows that in which the appointment of the jury is made, unless during said term a continuance is ordered.

A repeal of the special act of 1873 could not, and did not, revive the special act of 1870 repealed by it, the general road law of 1836 remaining in force. Since the adoption of the constitution of 1874 prohibiting special legislation, the repeal of a special or local law cannot have the effect of reviving a former special law where there is a general law governing the subject. See opinion of Judge RICE in Com. v. Kelly, 5 Kulp, 533.

To the contention of the learned counsel for appellant that the act of June 26, 1895, is unconstitutional because in its title the date of the act of June 6, 1873, is not mentioned, we reply that the title clearly indicates the purpose of the act; it is germane to the act, and in the body of the act the statute repealed (1873) is particularly described, and the date of its passage given.

In conclusion we remark that the jurisdiction of the court of quarter sessions in road cases being purely statutory, the terms and conditions imposed by statute must be strictly complied with.

OPINION BY WILLIAM W. PORTER, J., February 16, 1900:

This is an appeal from the order of the court below sustaining the exceptions to the report of a jury of view and setting aside the report. The question raised is whether the jury was regularly and lawfully continued, and its report filed in accordance with the law. The legislation involved in the decision of the case and the authorities bearing upon the subject have been carefully considered and reviewed at some length by the court below in an opinion by a judge of large experience and much learning in all matters relating to the road law of the state. We have given the case due consideration, and can find no reason to differ from the views expressed and the conclusion reached in the opinion filed. It therefore seems to us unnecessary to add further dissertation or discussion.

The judgment of the court below is affirmed.