## Penrose Ferry Avenue.

*Road law—Vacation of streets—Damages—Benefits—Act of April* 21, 1858, *P. L.* 385.

In a proceeding under section 6 of the local act of April 21, 1858, P. L. 385, to assess the damages arising out of the vacation of a public street in the city of Philadelphia, the jury of view may assess the damages to properties injured against the city without assessing any benefits to other property owners.

Argued Oct. 20, 1904. Appeal, No. 89, Oct. T., 1904, by City of Philadelphia, from order of Q. S. Phila. Co., dismissing exceptions to report of jury of view in case of Vacation of Penrose Ferry Avenue from Curtin Street to Porter Street. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of jury of view. Before MARTIN, P. J.

From the record it appeared that pursuant to the directions of ordinances of councils of the city of Philadelphia, approved April 4, 1894, and December 28, 1895, the department of public works revised plans Nos. 202 and 203, by means of which revision Penrose Ferry avenue, from Porter street to Curtin street, was omitted and struck from the city plan. The revised plans were finally confirmed July 1, 1901. Upon September 21, 1901, a petition was filed by an abutting property owner, praying for

the appointment of a jury of view to assess damages by reason of the vacation of Penrose Ferry avenue. A jury was appointed and, after viewing the premises and hearing testimony, filed a report, assessing damages in favor of various owners of property, amounting in the aggregate to $10,975 against the city of Philadelphia. The jury reported that they were unable to find that any property in the vicinity was specially benefited, and, therefore, assessed no benefits.

Exceptions were filed on behalf of the city alleging that the awards were excessive and claiming that the jury should have assessed benefits; and that there is no liability on the city, in the absence of provision for payment of damages having first been made by councils. ·

The court dismissed the exceptions.

*Errors assigned* were in dismissing the exceptions.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—The exceptions should have been sustained: Center Street, 115 Pa. 247 ; Upsal Street, 22 Pa. Superior Ct. 150 ; Cresson Street, 10 Pa. Superior Ct. 332 ; Howard Street, 142 Pa. 601 ; Hare v. Rice, 142 Pa. 608 ; William Street, 7 Pa. Dist. Rep. 1 ; Delaware Ave., 10 Pa. Dist. Rep. 753 ; Melon Street, 1 Pa. Superior Ct. 63 ; Melon Street, 182 Pa. 397 ; Melon Street, 9 Pa. Superior Ct. 18 ; Orthodox Street, 29 W. N. C. 411.

*Alex. Simpson, Jr.*, with him *Frank R. Savidge*, for appellee. —The intention of the legislature was that there should be read into the act of 1858 the existing road law with reference to which it was passed, and that the remedies and proceedings upon the opening and widening of streets should be applied upon the vacation of streets: 2 Dillon's Municipal Corporations, sec. 656a, p. 778 ; Hare's American Constitutional Law, 376 ; Howard Street, 142 Pa. 601 ; Ball Street, 11 Pa. Dist. Rep. 575 ; Melon Street, 182 Pa. 397 ; William Street, 7 Pa. Dist. Rep. 1.

A study of the decisions cited by the appellant shows that they consistently declare the city to be primarily liable.

*E. Spencer Miller*, for John H. Simon.

*James W. Laws*, and *Robert B. Fletcher*, for Henry S. and Marshal Montgomery.

*Frazier & Frazier*, for David M. Hess and Andrew R. McQueen.

OPINION BY HENDERSON, J., March 14, 1905 :

The question raised in this appeal was practically settled by the decisions in Howard Street, 142 Pa. 601, and Hare v. Rice, 142 Pa. 608 ; which were followed by Melon Street, 182 Pa. 397, and Morris v. Philadelphia, 199 Pa. 357. It was there held that while there was no constitutional obligation to pay damages resulting from vacating a street, it was within the power of the legislature to impose such burden on the commonwealth or its agents by statute, and that this had been effectually done by the 6th section of the Act of April 21, 1858, P. L. 385. By that act damages arising from the vacation of streets in the city of Philadelphia were grafted onto the general system of road damages, and the proceedings appropriate in cases of opening or widening streets were made applicable in vacation cases. As shown in Howard Street, supra, the legislature has put the vacation of streets on the same footing as to the damages thereby resulting to property owners, as the taking for opening or widening ; and the assessment of damages and benefits, though condensed into one proceeding, is in effect the same as assessments for benefits to be collected and of damages to be paid by the city. Under these decisions the statute imposes on the city liability in the first instance for damages resulting from vacating in like manner, as in the cases of opening or widening streets, and the mode of assessing damages and benefits is made the same. That the city should be so liable is a necessary conclusion if it be conceded that assessments for benefits may be made at all, for such assessments are only sustainable as a kind of local taxation upon those specially benefited. The power to impose such taxation implies liability on the part of the taxing power. The duty imposed upon road juries under the act " to assess damages for the opening, widening, or vacating roads or streets " puts the damages arising in

all such cases upon the same footing. The jury is to ascertain and report to the court first, " what damages the parties claiming the same are entitled to ; " and second, " to assess and apportion the same among and against such owners of land as would be benefited by such opening, widening or vacating such road or street." This clearly implies that the person damaged by the vacation of a street is to be compensated in the same manner as if the injury resulted from the opening or widening of a street, and such right is not contingent upon the fact that some other property owner may have been benefited to a greater or less degree by such vacation. To hinge the injured parties' remuneration upon the advantage accruing to other property might amount in many instances to a denial of any compensation at all. The decisions to which we have referred have dispelled any obscurity which may have existed in the language of the statute. The city is liable for the payment of damages in such proceedings, with the right to recover from property owners specially benefited such contributions as may be assessed in accordance with law, unless by a two thirds vote of the councils, the city elects to pay all of the damages, thereby exempting the property owners benefited from contribution.

The question now under consideration was not presented in Upsal Street, 22 Pa. Superior Ct. 150, and the portion of the opinion in that case cited by the appellant's counsel was not necessary to the determination of the point there decided. It cannot be considered an adjudication of this court on the question we are now determining.

The assignments are overruled and the decree of the court of quarter sessions is affirmed.