## Umbria Street.

*Road law—Vacation of streets—Jury of view—Extension of time for filing report of jury—Acts of April 21, 1858, P. L. 385, and March 18, 1903, P. L. 28—Constitutional law.*

The Act of April 21, 1858, P. L. 385, relating, among other matters, to the vacation of streets in the city of Philadelphia is constitutional.

The Act of March 18, 1903, P. L. 28, giving the courts power to extend the time for the filing of reports by road juries, is constitutional, and applies to vacation proceedings brought under the Act of April 21, 1858, P. L. 385.

Where a jury of view has improperly assessed all the damages for the vacation of a street against a railroad company, the court may refer the report back to the same jury of viewers to correct the error, and it is not necessary that the jury should be again sworn to make such correction effective.

Argued Oct. 5, 1906. Appeal, No. 50, Oct. T., 1906, by the City of Philadelphia, from order of Q. S. Phila. Co., Oct. T., 1903, dismissing exceptions to report of viewers in the Matter of the Vacation of Umbria Street. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of road jury.

From the record it appeared that the jury of view was appointed under a petition filed October 15, 1903, to assess damages for the vacation of Umbria street. The jury was appointed on October 29, 1903, to report on or before March 1, 1904. The

time for filing the report was extended. The jury finally reported, assessing damages against the Pennsylvania Railroad Company. On exceptions the report was referred back to the same jury, which was not resworn. Subsequently the jury reported, assessing damages against the city of Philadelphia. Exceptions filed by the city of Philadelphia to this report were dismissed.

*Error assigned* was in dismissing exceptions to the report of the jury of view.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—The Act of March 18, 1903, P. L. 28, does not apply to a proceeding under the sixth section of the local Act of April 21, 1858, P. L. 385 : Paul v. Carver, 24 Pa. 207 ; McGee's App., 114 Pa. 470 ; D. of A. R. v. Schenley, 204 Pa. 572 ; Butler Street, 25 Pa. Superior Ct. 357 ; Howell v. Morrisville Borough, 212 Pa. 349.

When the report was referred back to the viewers they should have been reappointed, continued or resworn : Springbrook Road, 64 Pa. 451.

*Frederick A. Sobernheimer*, for appellees, cited : Vacation of Penrose Ferry Avenue, 27 Pa. Superior Ct. 341 ; In re Butler Street, 19 Pa. Superior Ct. 48 ; In re Tabor Street, 25 Pa. Superior Ct. 355 ; In re Grape Street, 103 Pa. 121 ; Allegheny Ave., 3 Pa. Superior Ct. 387.

OPINION BY ORLADY, J., February 25, 1907 :

The constitutionality of the sixth section of the Act of April 21, 1858, P. L. 385, was settled beyond further contention by the Supreme Court in Howard Street, 142 Pa. 601 ; Hare v. Rice, 142 Pa. 608 ; Melon Street, 182 Pa. 397 ; and Morris v. Philadelphia, 199 Pa. 357. The act is entitled "a further supplement to the act incorporating the city of Philadelphia ; " and provides by the sixth section : "That it shall be the duty of juries selected to assess damages for the opening, widening, or vacating roads or streets within the said city to ascertain and report to the court: first, what damages the parties claiming the same are entitled to ; and, second, to assess

and apportion the same among and against such owners of land
as shall be benefited by such opening, widening, or vacating
any such road or street, etc."

"This act was said by MITCHELL, J., in the opinion in In re
Vacation of Howard Street, 142 Pa. 601, to extend the system
long established in Philadelphia for the assessment of benefits
for local improvements and the application of the money as
raised to compensate others whose property has been taken,
to consequential injuries causes by the vacation of streets, and
to anticipate the provision of the new constitution which secures
compensation for consequential damages where property has
been injured.  Before the adoption of the new constitution the
commonwealth was under no obligation to make compensation
for damages caused by the vacation of streets : Paul v. Carver,
24 Pa. 207.  Since its adoption no such duty is imposed by
the provision that compensation shall be made for property
taken, injured or destroyed ; and the right to recover damages
for injury so resulting exists only by virtue of special legisla-
tive provision : McGee's Appeal, 114 Pa. 470.  But the right
to recover damages caused by the vacation of the streets in
Philadelphia has been conferred by the legislature, etc. : " Melon
Street, supra.  By that act, damages arising from the vacation
of streets in the city of Philadelphia were grafted onto the
general system of road damages, and the proceedings appro-
priate in cases of opening or widening streets were made ap-
plicable in vacation cases : Penrose Ferry Avenue, 27 Pa. Su-
perior Ct. 341.

The contention most seriously urged in this case is that the
Act of March 18, 1903, P. L. 28, under which act the jurors as-
sessing the damages against the appellant were appointed, is
unconstitutional.  It is as follows : " An act regulating the
filing of reports of viewers or juries of view, appointed by the
courts of this commonwealth to assess damages and benefits for
the taking, injury, or destruction of private property in the
construction or enlargement of public works, highways or im-
provements.  Section 1.  Be it enacted, etc.  That viewers, or
juries of view, appointed by any court of this commonwealth
to assess the damages and benefits, due to the taking, injury
or destruction of private property, in and by the construction
or enlargement of any public work, highway or improvement,

shall make their reports within a time which said court shall fix when so appointing them : Provided, that if any of the viewers, or juries of view, so appointed, shall for any good and sufficient reason appearing to the court, be unable to file its report within the period so fixed, the said court may, in its discretion, either before or after the expiration of the time fixed, extend the time for the filing of such report to such a time as justice and the circumstances of the case may demand. Section 2. All other acts or parts of acts, general, special, or local, inconsistent herewith are hereby repealed."

The plan, which under the law caused the vacation of Umbria street was revised and confirmed by the board of surveyors of the city on November 15, 1897. The petition for the appointment of viewers to assess the damages sustained by reason of said vacation was filed October 15, 1903. The viewers were appointed October 29, 1903, " to make report on or before March 1, 1904." On February 29, 1904, the time for filing their report was extended to May 1, and on April 29, the time was further extended to June 1. The report was filed on May 12, to which the claimants filed exceptions. The operation of the act is confined to the filing of reports of viewers, or juries of view, appointed by the courts to assess damages and benefits in the cases therein mentioned, and does not in any manner affect the " limitation of time within which suits may be brought against corporations for injuries to persons or property or for other causes different from those fixed by the general laws regulating actions against natural persons " : Art. 3, sec. 21, of the state constitution.

The former practice was found to be burdensome upon both the courts and suitors in having continuances noted each month, when it was well known that it was not possible to have a final report made within the time stated : Knox Street, 12 Pa. Superior Ct. 534. The purpose of the act was to relieve this cumbersome procedure, and it required that the " jurors shall make their reports within a time which said court shall fix when so appointing them," and within which it was reasonably to be expected that the jurors could discharge their duties. No right of either party was affected by so doing, as the same result could be secured under the former practice by having the orders made from month to month. The act relates only to the order

of practice and tends to facilitate the work of the court in not cumbering the record with decrees that serve no good purpose. The former practice was regulated by an act of assembly, (sec. 3, of Act of June 13, 1836, P. L. 551) requiring that viewers shall make report at the next term, which in the city of Philadelphia means every month, and this section is distinctly repealed by the second section of the act of 1903. The authority which established the practice may subsequently change it, and under decision of Penrose Ferry Avenue, supra, and the cases therein cited, the act of 1903 applies with equal pertinency to vacation, as to opening or widening proceedings.

The original report of the jury found that a railroad company, an owner of land in the vicinity, was specially benefited by its ownership to the amount of the damages awarded the claimants, and assessed all the damages awarded against that owner. To this report exceptions were filed by the claimant alleging that the award should have been in favor of the exceptants, and payable by the city of Philadelphia. Penrose Ferry Avenue, 27 Pa. Superior Ct. 341, was decided March 14, 1905, and on April 19 the exceptions of the property owners were sustained and the report was referred back "to the jury for further consideration and amendment" under the authority of that case. The viewers were not formally reappointed, nor were they resworn. Pursuant to the reference to them, they met and heard all the parties in interest, reviewed the premises and reaffirmed their findings of damages and benefits, and filed an amended report awarding to the claimants as damages the same amounts as in their former report, "to be paid to said parties by the city of Philadelphia," and assessed as benefits the amount of damages awarded to be paid to the city by the railroad company. It is conceded that the viewers were regularly sworn when they were appointed. The report was sent back to them for consideration and amendment of the question of naming the proper party primarily liable as paymaster of the damages to the claimants. The exception did not touch the merits of the proceeding further than this, and the court had full authority so to refer the report to the same jury of viewers to correct errors or omissions, and it was not necessary that they should have been again sworn to make that correction effective : Potts's Appeal, 15 Pa. 414 ; Hilltown Road, 18 Pa. 233 ; Springbrook

Road, 64 Pa. 451; Springdale Township Road, 91 Pa. 260; Hempfield Township Road, 122 Pa. 439 ; North Franklin Township Road, 8 Pa. Superior Ct. 358.

That the act of 1903 applies to vacation proceedings brought under the act of 1858, as well as to opening and widening proceedings, is established by the cases of Howard street, Melon street and others of that line.   The different means of " taking, injury or destruction of private property " are dealt with through the same character of proceeding.   " The legislature has put the vacation of streets on the same footing as to damages thereby resulting to property owners, as the taking for opening or widening. . . . The statute imposes on the city liability in the first instance for damages resulting from vacating in like manner, as in the cases of opening or widening streets, and the mode of assessing damages and benefits is made the same: " Penrose Ferry Avenue, 27 Pa. Superior Ct. 341.   The owners of property which has depreciated in value by reason of the closing of the street have sustained an injury in their property rights which is peculiar to themselves and which is different in kind from the injury sustained by those who use the street for travel only.   The injury is not of the same kind, differing in degree only ; it is an additional injury, caused by the impairment of an entirely distinct right,—the special right of ingress and egress: Melon Street, 182 Pa. 397.

The assignments are overruled and the judgment is affirmed.