## In re Road in North Whitehall and South Whitehall Townships

*James C. Lanshe*, for petitioners.

*Henry V. Scheirer*, for North Whitehall Township Supervisors, exceptants.

*Joseph C. Slough*, for South Whitehall Township Supervisors.

*Tallman & Walker*, for Hiram J. Balliet, exceptant.

HENNINGER, P. J., January 22, 1951.—Property owners along a private roadway or lane with one terminus at a highway in North Whitehall Township and the other at a highway in South Whitehall Township, Lehigh County, Pa., petitioned this court for the appointment of viewers to lay out a public road between the termini to serve the persons living along the lane as well as the traveling public generally.

The petition was originally presented and docketed on February 21, 1949, and the court inadvertently appointed viewers despite lack of notice to the supervisors and county commissioners. Petitioners thereupon gave notice to these parties that the petition would be re-presented on March 21, 1949, although there is no record of any such new presentation or of any new order of appointment.

A view was nevertheless held and after numerous hearings the viewers filed a report recommending the laying out of a road and awarding damages to abutting owners.

The Supervisors of North Whitehall Township and Hiram J. Balliet, a property owner, filed exceptions as follows: (1) Violation of court rules requiring citation of the statute under which a view is sought; (2) viewers' report not filed at next term after appointment and no extension granted; (3) no statement of liens in awards of damages; (4) no showing of necessity for road; (5) cost of road disproportionate to benefits; (6) townships financially unable to provide a road; (7) no authority to vacate as ordered by viewers; (8) no fixing of width; (9) no resolution by supervisors consenting to opening; (10) no showing of prior application to supervisors before asking for viewers; (11) petition prescribes course of proposed road; (12) no award to Allen Balliet, a coöwner with Hiram J. Balliet; (13) plan of proposed road does not show land taken, and (14) no consent by Public Utility Commission to crossing railroad.

Our court rule 23(b)(1) is clearly violated. It provides:

"Every original petition presented to the Court in any proceeding considered by this rule shall cite the Statute and the pertinent title of Purdon's Statutes under which the petition is filed."

The rule serves a twofold purpose. In the first place it is a convenience for all persons dealing with the problem. More important, it forestalls careless pleading in which loose language enables a pleader to shift ground as a case proceeds.

An attempt to cure this defect by interlineation after the petition had been filed and docketed fails of its purpose, for the act there cited (Act of May 2, 1899, P. L. 176, sec. 1, as amended March 29, 1905, P. L. 69, sec. 1, 36 PS §1761) relates solely to the necessity of giving notice to the supervisors and county commissioners of the intended application—which was not done when the petition was presented originally—and does not provide for the laying out and opening of roads. Furthermore, the act cited has been supplied and superseded by section 921 of the County Code of May 2, 1929, P. L. 1278, 16 PS §921.

The most serious exception and to our mind a fatal one, is the failure of petitioners to extend the term for report of viewers beyond the next term after appointment. This failure violates our court rule 23($f$)(2) which might be waived or forgiven, but it also violates a positive statutory provision, mandatory at least in matters relating to the laying out of roads: Act of June 13, 1836, P. L. 551, sec. 1, as amended April 27, 1911, P. L. 95, 36 PS §1781, which provides in part as follows:

"The court of quarter sessions of every county of the Commonwealth, on being petitioned to grant a view for a road within the respective county, shall have power and are hereby required, in open court, to appoint, as often as may be needful, three persons, qualified as hereinafter is provided, to view the ground proposed for such road, and make report of their proceedings to the respective court at the next term thereof . . ."

The solicitor for the North Whitehall Township Supervisors in his brief suggests abandonment of this ex-

ception because of an understanding with the viewers that extension of the term would be waived. Since the other exceptant has filed timely exceptions perhaps neither exceptant has been harmed, but this provision has been written into the law for the protection of the general public and we believe that it cannot be waived: In re Road in Salem Township, 103 Pa. 250, 252; In re Opening of Knox Street, 12 Pa. Superior Ct. 534, 535.

The Act of March 18, 1903, P. L. 28, 26 PS §21, provides for extension of time for filing viewers' reports nunc pro tunc and it has been sustained in Umbria Street, 32 Pa. Superior Ct. 333 and in Steigler v. Petitioners for Road in Peach Bottom Township, 105 Pa. Superior Ct. 66. It is to be noted, however, that the Act of 1903, supra, refers only to views to assess damages and not to views to lay out roads. While it has been said to apply to applications to widen roads (Steigler v. Petitioners for Road in Peach Bottom Township, supra), and while the Act of 1903 may have repealed the Act of 1836, supra (although it was not directly cited for repeal), the provisions of the Act of 1836 were reenacted by the Act of April 27, 1911, P. L. 95, supra.

In proceedings to lay out roads, therefore, it seems impossible to disregard the Act of 1911, supra, and we hold these proceedings to be void since a term has passed without a continuation of the time to report. Nor could the parties waive this provision, since it is for the protection of the general public and not only for those who have entered appearances before the viewers.

We are not now concerned with the exceptions that relate to the merits of the application, but since a new application may be made for viewers we consider some of the other technical exceptions.

We see no merit in the exception that the viewers had no authority to vacate. By choosing to lay out a road on

lines other than those of the present lane, they are not vacating the portion not incorporated in the proposed road; they are simply laying out a road on other lines.

As to the exceptions relating to the absence of a resolution on the part of the supervisors to open the road and the lack of consent on the part of the Public Utility Commission to cross the railroad at grade, these are matters to be determined *after* a view and not *by* the viewers.

Under section 4 of the Act of 1836, P. L. 551, 36 PS §1832, the court upon approving the report of the viewers directs at what breadth the road so approved shall be opened. We take it that the width of roads in the absence of special order, shall be 33 feet, but see section 16 of Act of July 10, 1947, P. L. 1481, 53 PS §19093-1103, providing for a width of from 33 to 120 feet.

As to section 1155 of the Second Class Township Law of May 1, 1933, P. L. 103 as amended by section 17 of the Act of July 10, 1947, P. L. 1481; 53 PS §19093-1155, which provides that townships shall construct a road across a railroad above or below the grade thereof, unless permitted by the Public Utility Commission to construct the same at grade, the method of construction can be determined before or after the laying out of the road. There is merit in exceptant's contention, however, that a township's financial ability to construct a road may depend upon whether the road is or is not to be built on grade. Should the Public Utility Commission forbid such construction, the costs would be considerably increased, a matter apparently not considered by the viewers.

It is also true that action by supervisors to open a road can be obtained after view. We quote a very interesting portion of section 16 of the Act of July 10, 1947, supra; 53 PS 19093-1104:

"All roads, partly within townships of the second class, where one of the termini of such roads is without the township, shall be laid out, widened, changed or vacated only by the courts of quarter sessions, as heretofore in the manner provided by the general road law and the amendments, additions, and supplements thereto. But no such road shall be opened, changed, widened, altered or vacated, unless and until the supervisors of the township shall have passed a resolution consenting and approving thereto, and shall have filed with the clerk of said court, a copy of such resolution duly certified by the township secretary . . ."

It would appear from this section that the supervisors have been granted a veto power over the courts where either the termini or the sides of a road are in different townships. Should petitioners succeed in having the proposed road laid out as a public road, it may be but a Pyrrhic victory if the supervisors in either township refuse to resolve to open the road. This privilege on the part of the supervisors, however, does not prevent the viewers and the court from determining that the proposed road is a public necessity and from laying it out.

There is no merit to the exception that there had been no prior application to the supervisors before applying for viewers. That provision (section 15 of the Act of July 10, 1947, P. L. 1481, as amended May 2, 1949, P. L. 819, 53 PS §19093-1101) applies only to roads lying solely within a township and we are not now deciding whether application to supervisors is a condition precedent to application for viewers in that case. That procedure must at least be followed where application has been made to supervisors.

Section 16 of the Act of July 10, 1947, above quoted, makes it clear that whatever procedure must be followed for the laying out of ordinary township roads.

the laying out of roads not wholly within a single township is still governed by the General Road Law. That law does not require previous application to the supervisors involved.

The other exceptions require no comment.

Now, January 22, 1951, exceptions nos. 1 and 3 of Hiram J. Balliet and nos. 1 and 2 of the Supervisors of North Whitehall Township to the report of viewers in this action are sustained and the report of the viewers is set aside without prejudice to the right of petitioners to renew their application for the laying out of the proposed road.