# Harmer Township Road.

*Road law—Vacation of road—View—Review—Act of June* 13, 1836, *P. L.* 551, *secs.* 18, 19 *and* 25—*Continuance.*

1. There may be a review of a proceeding to vacate a road laid out and confirmed, but not opened, upon a petition of less than a majority of the original petitioners of the road. The requirement of a majority of the original petitioners for the road to give the court jurisdiction to appoint viewers for its vacation has no application whatever to the appointment of reviewers.

2. In a road proceeding the court has the power during a September term before an order for a review has expired, to extend the time for the report of the reviewers to the November term.

Argued May 6, 1909. Appeal, No. 205, April T., 1909, by W. B. Rath Township of Harmer, from order of Q. S. Allegheny Co., March T., 1908, No. 5, confirming report of viewers against the Vacation of Road in Harmer and Springdale Township and Cheswick Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of viewers. Before SHAFER, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to report of viewers and confirming the report.

*R. A. Kennedy* of *Kennedy, McVicar & Hazlett*, for appellants.—There can be no review of a proceeding to vacate a road laid out and confirmed, but not opened, except upon a petition of a majority of the original petitioners for the road: Augusta Twp. Road, 17 Pa. 71; Vernon Twp. Road, 70 Pa. 23.

The requirement that the report must be made to the next term is without exception and mandatory: Sewickley Twp. Road, 26 Pa. Superior Ct. 572; Ross Twp. Road, 5 Pa. Superior Ct. 85; McCandless Twp. Road, 110 Pa. 605.

*Geo. E. Alter*, of *McKee, Mitchell & Alter*, with him *Edmund W. Arthur*, for appellees, cited: Ross Twp. Road, 5 Pa. Superior Ct. 85; Knox Street, 12 Pa. Superior Ct. 534.

OPINION BY MORRISON, J., July 14, 1909:

At December Sessions, 1906, upon petition of sixty-four persons, the public road in question was laid out, but it was never opened. At March Sessions, 1908, the proceeding in this case was begun by a petition signed by 105 persons, and a majority of the signers of the original petition were embraced in said number. This petition averred that the road was useless, inconvenient and burdensome, and prayed that the same be vacated and annulled. Viewers were appointed and ordered to report at the next term, but on May 2, 1908, on motion, the court extended the time for filing the report of viewers

to June Sessions, 1908, and subsequently a report was duly filed, signed by two of the viewers, in favor of the vacation, and another report, signed by one viewer, against the vacation of the road. On September 12, 1908, during the September Sessions of the court below, a petition was filed by thirty-two persons, fifteen of whom (being less than a majority) were signers to the original petition for the road, praying for a review of the vacation proceedings, and same day an order to view was issued to viewers requiring them to report at next (October) term of court. Petitioners favoring the vacation of the road thereupon filed a motion to quash and vacate the proceedings for a review, alleging that the same were illegal because the petition for review was not signed by a majority of the original petitioners for the road, and further that the proceedings to vacate were not subject to review. This motion was argued on October 2, 1908, and the court discharged the rule and granted an exception to the original petitioners. On October 3, 1908, being the last day of the September Term, on motion, the time for filing the report of reviewers was extended until the November Term of court; on October 31, 1908, being the last day of the October Term, the time for filing the report of the reviewers was, on motion, extended to the December Term, and on December 5, 1908, being the last day of the November Term, the time for filing the report of reviewers was, on motion, extended until the January Term, 1909, and the report of reviewers favoring the opening of the road, instead of vacating it, was filed at January Sessions, 1909, and at the same time exceptions were filed thereto, alleging that the report of the reviewers, not having been filed at the next sessions of the court after the issuing of the order to view, was illegal and void and should be set aside, and that the various extensions of time allowed for the filing of said report were without authority of law and, therefore, void. These exceptions were subsequently argued in the court below and dismissed and the report of the reviewers against the vacation of the road was confirmed in an opinion filed by Hon. John D. SHAFER, judge of the lower court, and his opinion and order of confirmation were duly excepted to on behalf of the original petitioners.

The first proposition contended for by counsel for appellants is that, "there can be no review of a proceeding to vacate a road laid out and confirmed, but not opened, except upon a petition of a majority of the original petitioners for the road." In support of this proposition the counsel cite the Act of June 13, 1836, P. L. 551. But from that act we reach precisely the opposite conclusion. Section 18 of that act (p. 558) reads: "The courts aforesaid shall, within their respective counties, have authority, upon application to them by petition, to inquire of and to change or vacate the whole or any part of any private or public road which may have been laid out by authority of law, whenever the same shall become useless, inconvenient or burthensome, and the said court shall proceed therein by views and reviews, in the manner provided for the laying out of public roads and highways."

Section 19. "Roads laid out and confirmed as aforesaid, but not opened, may be vacated and annulled upon the petition of a majority of the original petitioners for the said road, resident within the respective county, in the same manner as other roads may be vacated: Provided, That no person residing or owning land along the route of such road, shall in such case be a viewer or reviewer."

Section 25. "In all cases of views for any purpose mentioned in this act, the respective court shall, on petition of any person interested, direct a second view or review for the same purpose: Provided, That application therefor shall be made at or before the next term of the said court, after the report upon the first view."

In our opinion, these sections of the act of 1836 so completely answer the appellant's proposition that argument is unnecessary. It seems to us that the requirement of a majority of the original petitioners for the road to give the court jurisdiction to appoint viewers for its vacation, has no application whatever to the appointment of reviewers. We discover nothing in the act to sustain the position that there cannot be a review without a petition signed by a majority of the petitioners for the road. The three sections of the act above quoted plainly indicate that after a proceeding to vacate an unopened road has been com-

menced, it shall then be carried on as expressed in sec. 25, where it is said the court shall in all cases of views for any purpose mentioned in this act, on petition of any person interested, direct a second view or review for the same purpose. It has often been decided by the Supreme Court that a review is a matter of right provided the petition shall be presented at or before the next term of the said court, after the report upon the first view, and it has also been decided many times that the court may, when the view and review are adverse, adopt and confirm either: Road in Bucks County, 3 Whart. 104; Buckwalter's Road, 3 S. & R. 236; Paradise Road, 29 Pa. 20. It is not contended in the present case that the petition for a review was not presented at the proper time. We, therefore, hold that the court did not err in granting a review nor in confirming the report of the reviewers.

As to the appellant's second proposition, we are equally clear that it presents no reversible error committed by the court below. The exact proposition of the appellant's counsel is: "The court had no power during the September Term to extend the time for the report of reviewers to the November Term." It will be recalled that the petition for a review was presented September 12, 1908, and the viewers then appointed were ordered to report at next term of court which would be the October Term. For reasons not necessary to comment upon at length, but which were contributed to by appellant's counsel, and which were satisfactory to the court, it became apparent on the last day of the September Term that the reviewers could not report at the October Term which began on October 5. Therefore, the court extended the time for making the report to the November Term, and on the last day of the October Term the learned court for satisfactory reasons extended the time for the reviewers to report to December Term and on the last day of the November Term, the court extended the time for filing the report of the reviewers to the January Term, 1909. The learned counsel for appellants seem to concede that if the order made on October 3, 1908, being the last day of the September Sessions, extending the time for filing the report of reviewers to November Term, had been made on October 5, the first day of the Oc-

tober Term, instead of on the last day of the September Term, it would have been regular. We do not think there is any decision or rule of law supporting this contention. We cannot see that any possible injury could result to anyone by the order made by the court. It would be docketed and would operate as notice to all interested parties that the report would not be made at the October Term but they might look for it at the November Term, and the same reasoning applies to the subsequent extensions. Ross Twp. Road, 5 Pa. Superior Ct. 85, is cited, but all that we understand that case to decide, on this question, is that the extension of time cannot be made after the term at which it was originally returnable. In re Road in Salem Twp., 103 Pa. 250, Mr. Justice STERRETT, delivering the opinion of the Supreme Court, said: "The third section of the general road law of 1836 requires the viewers to make their report at the next term or session of the court after their appointment. The object of this requirement is neither doubtful nor unimportant. As has been repeatedly intimated, the act means just what it says. It was intended to fix definitely a time when all parties interested may have an opportunity of examining the report with a view of excepting thereto, or taking such other action as may be deemed necessary. If for any sufficient reason the report cannot be made to the next term, the proper course is to continue the order to view and make it returnable to the next succeeding term; but this must be done before the order has expired, that is, before or during the session of court to which it is returnable. If that term is permitted to pass without the presentation of the report, or an order extending the time for making the same, the order to view becomes, ipso facto, inoperative, and with it the authority of the viewers ceases."

In re Opening of Knox St., 12 Pa. Superior Ct. 534, we affirmed BEITLER, J., in holding, "If for any sufficient reason, the report cannot be made to the next term, the proper course is to continue the order to view and make it returnable to the next succeeding term; but this must be done before the order has expired; that is, before or during a session of the court to which it is returnable."

In re Road in Stowe Twp., reported in 31 Pittsburg Legal

Journal (O. S.), p. 242 (not reported in the state reports), we find the following: The petition was presented to the September Sessions, and Reno, Robb and McBride were appointed viewers. During the sessions, two others were substituted for Robb and McBride. On the last day of the same sessions, the substitutes having refused to act, the court reappointed Robb and McBride and ordered, "The order to view is continued to the next term." Nothing was done at the next sessions, but the report was duly made at the March Sessions. It was assigned as error to approve the report, the same not having been made to the next sessions, to wit: the December Sessions. The Supreme Court, per curiam, said: "When the court made the order of December 4, 1880, we will not assume it intended to do a useless or foolish thing. The order previously made and then in force was returnable to the December Term. Some of the viewers having refused to act others were appointed in their places, and the very purpose of the order of December 4 was to extend the life of the order to view and give time for the viewers to take the necessary action. Hence, the order made 'to continue to the next term' must be construed to mean the next term after which it was then returnable. This removes all the difficulty and sustains the action of the court. Judgment affirmed."

It seems to us these authorities conclusively settle the question that the order to continue the time for making the report to the next term may be made before the term to which it is returnable or during said term, but not after. Now that was precisely what was done in the present case. Each extension of time for the reviewers to make their report was granted on Saturday before the term to which the report was returnable which commenced on the following Monday. There is nothing illegal in this and nothing to mislead or harm any interested party.

Counsel for appellant calls our attention to Harris v. Mercur, 202 Pa. 313, where it is held: "When a statute fixes the time within which an act must be done, the courts have no power to enlarge it although it relates to a mere question of practice." Counsel contends that the road law requires the report to be

made to the next term and that the court has no power to extend the time for making the report. In view of the long line of well-considered cases in the Supreme Court recognizing the power of the quarter sessions court to extend the time for viewers to report to the term succeeding the one to which the order was made returnable, we feel warranted in holding that Harris v. Mercur has no application to the question we are considering. In legal effect, an order extending the time for viewers to make their report beyond the next term after their appointment, is a new appointment with authority to report at the subsequent time designated, and this view of the question takes it out of the rule in Harris v. Mercur.

The appellant's third proposition is "the court had no jurisdiction after the viewers had failed to report at the October Term, to extend the time for filing their report." The authorities cited and our conclusions in regard to the second proposition necessarily overrules this.

The assignments of error are all overruled, and the decree confirming the report of the reviewers is affirmed, and the appeal is dismissed at the costs of appellants.