## Harris, Appellant, *v.* Mercur (No. 1).

*Courts—Jurisdiction—Practice—Time.*

In all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void.

When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice.

| 202 | 313 |
|-----|-----|
| 28 SC | 46 |
| 202 | 313 |
| d 29 SC | ³578 |
| 202 | 313 |
| f 31 SC | 188 |
| 202 | 313 |
| 33 SC | ¹340 |
| 202 | 313 |
| d40SC²293 | |
| d40SC²294 | |

*Practice, C. P.—Trial by court without a jury—Exceptions—Time—Act of April* 22, 1874, *P. L.* 109.

Where parties by agreement have dispensed with trial by jury, and submitted the decision of their case to the court under the provisions of the Act of April 22, 1874, P. L. 109, a party who has not filed exceptions within thirty days after notice of the decision of the court, as provided by the act, cannot thereafter file exceptions, although permitted to do so by the trial court, and this is the case although the other party has filed exceptions within the thirty days.

MITCHELL, J., dissents.

Argued March 17, 1902.  Appeal, No. 6, Jan. T., 1902, by plaintiff, from order of C. P. Bradford Co., May T., 1894, No. 640, dismissing exceptions to adjudication in case of Nathaniel C. Harris v. R. A. Mercur, Executor of Ulysses Mercur, Deceased.  Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.  Certiorari quashed.

Exceptions to adjudication of the court in case tried by the court without a jury under the Act of April 22, 1874, P. L. 109.

The appellee filed the following motion :

The appellee respectively moves the court to quash the writ of certiorari in this case, because the record shows that the appellant, who was the plaintiff below, did not file exceptions to the decision of the court below within thirty days after notice to him that said decision had been filed in the office of the prothonotary or clerk of the proper court where the said case was pending, as is required by section 2 of the act of assembly, entitled " An act to provide for the submission of civil cases to the decision of the court, and to dispense with trial by jury," approved April 22, 1874.

*C. LaRue Munson*, with him *Addison Candor*, for the motion. —The requirements of the act are explicit, and require exceptions within thirty days after notice of the decision, and the plaintiff, having failed to file his exceptions within the period limited by the act, is bound by the judgment entered on the decision of the court below, and is not entitled to a writ of certiorari, which should therefore be quashed: Jamison v. Collins, 83 Pa. 359 ; Griffith v. Sitgreaves, 90 Pa. 161 ; Commonwealth v. Lehigh Valley R. R. Co., 104 Pa. 89 ; Gonser v. Smith, 115 Pa. 452 ; Southern Maryland R. R. Co. v. Moyer, 125 Pa. 509 ; Paul v. Grimm, 183 Pa. 326.

*E. Overton* and *H. F. Maynard*, contra.—The act provides that if no exceptions are filed within thirty days judgment shall be entered by the prothonotary upon the decision of the court. Exceptions were filed by the defendant within the thirty days, and this prevented judgment from being entered and left the case under the control of the judge until judgment is entered under his order.    Until that was done the court could have allowed the defendant to amend those already filed, or add additional exceptions.    The judge could have modified, or in any way changed his report, given new notices or enlarged the time for filing exceptions.    There is nothing in the act to prevent this: Beek's App., 15 Pa. 406 ; Burton's App., 93 Pa. 214 ; Woods v. Woods, 126 Pa. 397 ; Noble v. Houk, 16 S. & R. 421 ; Woodside et al. v. Penna. R. R. Co., 1 Pearson, 301 ; Clark v. Wallace, 3 P. & W. 441 ; Brown v. Com., 78 Pa. 122 ; Com. v. Mitchell, 80 Pa. 57 ; Heslop v. Bush, 80 Pa. 70 ; McGlue v. Phila., 105 Pa. 236.

OPINION BY MR. JUSTICE MESTREZAT, April 21, 1902:

This is an action of assumpsit. The parties filed an agreement dispensing with trial by jury, and submitted the decision of the case to the court below under the provisions of the Act of April 22, 1874, P. L. 109. The 2d section of this act provides that the decision of the court shall be in writing and shall be filed in the office of the prothonotary who shall forthwith give notice thereof to the parties or their attorneys; " and if no exceptions thereto are filed in the proper office, within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk; if exceptions to the findings of facts or conclusions of law be filed within said thirty days, the court or the judge thereof who tried the case in vacation, may, upon argument, order judgment to be entered according to the decision previously filed, or make such modifications thereof as in justice and right shall seem proper."

The decision of the court was filed in the prothonotary's office February 7, 1901, and the prothonotary was " directed to give notice thereof to the parties, plaintiff and defendant, or their attorneys, and if no exceptions are filed thereto within thirty days after service of said notice, then judgment shall be entered thereon in favor of the plaintiff and against the defendant for the sum of $5,986.15, with interest from February 4, 1901." On the day the decision was filed, notice thereof was accepted by the counsel of both parties. Exceptions to the decision of the court were filed by the defendant on March 8, 1901. No exceptions were filed by the plaintiff within thirty days, but on May 6, 1901, about ninety days after the decision had been filed, he took a rule to show cause why he should not have leave to file exceptions. This rule was made absolute and by permission of the court, he filed the following exceptions: First. That Mr. Chief Justice MERCUR's estate is not liable for any portion of Mr. Patrick's share of the expenses of litigation which is in default by reason of the insolvency of the estate of H. W. Patrick. Second. The court erred in affirming the defendant's third request for conclusions of law as follows: " The defendant's testator was not liable for the default of H. W. Patrick, and his estate cannot be held for more than one fourth the legal expenses of the litigation mentioned in the agreement of March 4, 1880." On November 6, 1901, the court dismissed the

exceptions filed by both parties and directed judgment to be entered for the plaintiffs, who excepted to the order of the court and a bill was sealed. The amount of the judgment not being satisfactory to the plaintiff, he appealed to this court and has assigned for error the action of the court below in dismissing his exceptions. The defendant has moved to quash the writ of certiorari because the appellant did not file his exceptions to the decision of the court below within thirty days after notice that the decision had been filed in the prothonotary's office.

This is a proceeding under an act of assembly, the provisions of which must be strictly complied with to give the court jurisdiction. The requirements of the act are mandatory, and in so far as they are disregarded the proceedings are of no validity. As said by Mr. Justice WOODWARD in Norwegian Street, 81 Pa. 349, quoting from a note to Dwarris on Statutes, 224, " in all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void." The plaintiff contends that the defendant having filed exceptions within thirty days which prevented the entry of judgment at the expiration of that time, the court in its discretion could permit the filing of other or additional exceptions up to the date of the order for final judgment. We do not agree with this interpretation of the statute. The authorities cited by the plaintiff do not sustain his contention. They are decisions under rules of court, or where the court has discretionary powers, or where the performance of the act within the statutory period was erroneously prevented by the officer. The practice under the act of 1874 has been discussed in numerous cases, but there is no reported decision of this court in which the question presented here has been determined. On the trial of a cause under the act, the parties may except to any ruling of the court in like manner as if it were being tried before the court and a jury. The court is required to file its decision in the prothonotary's office of which notice shall be given the parties or their attorneys, " and if no exceptions thereto are filed in the proper office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk." Both par-

ties are thus given an opportunity to call the attention of the court to any finding of fact or conclusion of law which may be adverse to them and which they may regard as erroneous. That they will except to any alleged error is clearly contemplated by the act. The court is then required to reconsider its findings and can correct any errors before the entry of final judgment. If either party is dissatisfied with the rulings on the exceptions filed, he should request that an exception be noted. If he neglects to do so he should be considered as having acquiesced in the decision: Southern Maryland Railroad Co. v. Moyer, 125 Pa. 506. The act has fixed a limit of thirty days in which he must exercise his right to object to the decision of the court. This is wholly independent of what his adversary may do. The expiration of the limit fixes the status of both parties as affecting their right to file exceptions. If neither file exceptions, a pro forma judgment is entered by the prothonotary, but "if exceptions to the findings of facts or conclusions of law be filed within said thirty days, the court or the judge thereof . . . . may, upon argument, order judgment to be entered according to the decision previously filed, or make such modifications thereof as in justice and right shall seem proper." After filing the decision, therefore, further action can only be taken by the court upon the condition that exceptions are filed thereto, within thirty days, and it necessarily follows that such action must be based upon the exceptions filed within that time. The statute does not contemplate the withholding of final judgment that other or additional exceptions may be filed by either party, but delays the entry of judgment so that the court may hear and determine the exceptions "filed within said thirty days." The construction of the act contended for by the appellant would result in an indefinite postponement of a final decision of the cause. It will not be presumed that such was the intention of the legislature in the enactment of the law unless its language clearly admits of that interpretation.

If we are correct in holding that the act of 1874 required the appellant to file his exceptions within thirty days after he had received notice of the filing of the court's decision, the order of the court below in permitting exceptions to be filed thereafter was without authority and hence without effect or

validity. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors: Bleecker v. Wiseburn, 5 Wend. 136. "It has been repeatedly held," says Mr. Sedgwick (Construction of Statutory and Constitutional Law, 277), "that courts have no dispensing power, even in matters of practice, when the legislature has spoken. Thus, where a statute declares that a judge at chambers may direct a new trial if application is made within ten days after judgment, it has been said that ' he can no more enlarge the time than he can legislate in any other matter.' When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice."

The only error assigned is to the judgment of the court in dismissing the plaintiff's exceptions which were improperly filed. The action of the court in dismissing them would, therefore, not constitute error for which an appeal would lie, and the writ of certiorari must be quashed.

It may, however, be suggested that an examination of the record discloses no error on the merits of the case. The rights and liabilities of the parties are determined by their agreement of March 4, 1880. It fixes the amount to be contributed by the defendant's testator, and that is the limit of his liability. The court below properly construed the contract.

The motion of the appellee to quash the writ of certiorari is allowed, and the writ is quashed.

MITCHELL, J., dissents.