## Crawford's License.

*Liquor law—Petition for license—Time of filing—Act of May* 13, 1887, *P. L.* 108.

The requirement of the Act of May 13, 1887, P. L. 108, that every application for a liquor license shall be filed three weeks before the first day of the session at which the same is to be heard is mandatory; and the court has no authority to grant a license where the application has been on file for only nineteen days before the first day of the session.

Argued March 5, 1907. Appeal, No. 21, March T., 1907, by L. E. Geary et al., from order of Q. S. Clinton Co., Jan. Term, 1907, No. 76, granting a liquor license In re Application of J. A. Crawford for a retail liquor license. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Petition for a retail liquor license. Before GREEN, P. J. The opinion of the Superior Court states the case.

*Errors assigned* was order of the court granting a license.

*W. C. Kress,* for appellant.—The provisions of the third section of the act of May 13, 1887, providing for the adoption of rules by the court, are mandatory, and the rules adopted in pursuance thereof are as binding on the court as the provisions of the act itself: Kahrer's License, 12 Pa. C. C. Rep. 12; Keiper's License, 21 Pa. Superior Ct. 512.

*George A. Brown,* for appellee.

OPINION BY MORRISON, J., April 15, 1907 :
By rule or standing order of the court, in pursuance of the

Act of May 13, 1887, P. L. 108, the license court of Clinton county was fixed for the fourth Monday of November in each and every year. In 1906 the fourth Monday in November was the twenty-sixth day of the month. J. A. Crawford, appellee, filed his petition for a hotel license on November 7, 1906, only nineteen days before the sitting of the license court. At and before the date of the sitting of the court, exceptions were filed and objections presented to the court on the ground that the applicant was not entitled to a license because his petition had only been on file for the period of nineteen days.

The fourth section of the act of May 13, 1887, reads: " Every person intending to apply for a license as aforesaid in any city or county of this commonwealth, from and after the passage of this act, shall file with the clerk of the court of quarter sessions of the proper county, his, her or their petition at least three weeks before the first day of the sessions of the court at which the same is to be heard," etc.

The standing rule and order of the court, known as rule No. 3, plainly provided that the petition must be filed with the clerk of the court of quarter sessions at least three weeks before the day herein fixed for the beginning of the license court, etc.

The record of the court shows that the license court sat on November 26, 1906, and on that day adjourned sine die. It further appears that on December 18, 1906, the court made an order granting the license of the appellee.

The assignments of error squarely raise the question of the power of the court to disregard the provisions of sec. 4 of the act of May 13, 1887, and its own rule, and grant a license on a petition which had only been filed nineteen days before the sitting of the license court. It ought not to be necessary to decide such a question. The legislature plainly provided, as a condition precedent to the granting of a license, that the petition therefor shall be on file with the clerk of the court of quarter sessions at least three weeks before the first day of the sessions of the court at which the same is to be heard. It is the duty of courts to enforce the laws and also to obey them. If the learned court below had the power to grant the license in question on a petition which had only been on file nineteen days, it must have had the power to grant the

license on a petition filed a much shorter length of time. It is difficult for us to understand how the learned court reached the conclusion that it had power to grant this license.

In Harris, Appellant, v. Mercur, 202 Pa. 313, our Supreme Court (p. 318) said: "The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors: Bleecker v. Wiseburn, 5 Wend. 136. 'It has been repeatedly held,' says Mr. Sedgwick (Construction of Statutory and Constitutional Law, p. 277), 'that courts have no dispensing power, even in matters of practice, when the legislature has spoken. Thus, where a statute declares that a judge at chambers may direct a new trial if application is made within ten days after judgment, it has been said that he can no more enlarge the time than he can legislate in any other matter.' When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice."

But we are not without authority on the precise question raised in this appeal. In Keiper's License, 21 Pa. Superior Ct. 512, p. 517, we said: "The court must fix the day of hearing, every application must be filed three weeks before the first day of the session of the court at which the same is to be heard, and the clerk must publish the list during the period prescribed by the statute, prior to the time of hearing. These provisions are for the purpose of making certain that the public shall have notice of the time when these matters of public concern are to be heard and disposed of by the court. The requirement that every application for the grant of a license shall be filed three weeks before the first day of the session at which the same is to be heard, is mandatory. . . . The source from which the court below derived any power which it had in the premises was the act of 1887 ; the appellee had not complied with the provisions of that statute ; he had no right to be heard upon his application, and the court had no authority to grant him a license as upon an original application."

So we say in the present case. The applicant had not caused his petition to be filed with the clerk of the court of quarter sessions for the statutory period, and the learned court below

erred in not following the plain terms of the statute and dismissing his petition.

The assignments of error are sustained, and the order of the court granting a license to the appellee is reversed at the costs of the appellee.