## Smyers *v.* Albert, Appellant.

*Practice, C. P.—Trial by court without a jury—Irregular entry of judgment—Notice to parties—Exceptions—Act of April 22, 1874, P. L. 109.*

Where a case is tried by the court without a jury, and the judge directs the prothonotary to enter judgment for the plaintiff, and the prothonotary on the same day that the order is made and the findings

of fact and law filed, enters judgment in pursuance of the order without notice to parties or opportunity to file exceptions as provided by the Act of April 22, 1874, P. L. 109, and the defendant files exceptions to the irregular entry of judgment, but not to the findings of fact and conclusions of law, the court cannot disregard the judgment entered and subsequently enter judgment against the defendant because he had not filed within thirty days exceptions on the merits to the findings of fact and conclusions of law.

Argued Oct. 29, 1912. Appeal, No. 21, Oct. T., 1912, by defendant, from judgment of C. P. Clearfield Co., May T., 1909, No. 275, on case tried by the court without a jury in suit of G. W. Smyers and C. A. McDonald, trading as Smyers & McDonald, v. W. H. Albert. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Exceptions to judgment entered in a case tried by the court without a jury under the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the final order quoted in the opinion of the Superior Court.

*A. L. Cole,* with him *John C. Arnold,* for appellant.

*W. C. Pentz,* for appellee.

OPINION BY MORRISON, J., December 9, 1912:

This was an action of assumpsit on a book account and the parties waived a jury trial and submitted the case to the court below in accordance with the provisions of the Act of April 22, 1874, P. L. 109.

On July 24, 1911, the findings of fact, conclusions of law and opinion of the court were filed, said papers being indorsed "findings, opinion and judgment." The eleventh finding by the court below was as follows: "That the balance due the plaintiffs and to which they are entitled

to judgment against the defendant is $751.74, with interest from October 1, 1907, making a total at this date of $923.13 and judgment is directed to be entered accordingly." Thereupon, on July 24, 1911, the prothonotary made the following entry: "July 24, 1911, opinion and decree filed, and judgment is entered in favor of the plaintiff for the sum of nine hundred and twenty-three and 13–100 dollars.

"Debt . . . . . . . . . . . . . $923.13

"Filed and interest from July 24, 1911.

"By the Court."

The above order of the court certainly directed the prothonotary to enter judgment, and the record shows that he did actually enter judgment in accordance with said order. But sec. 2 of the Act of April 22, 1874, P. L. 109, provides, inter alia: "The decision of the court shall be in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel and the conclusions of law, and shall be filed in the office of the prothonotary or clerk of the proper court where the case is pending, as early as practicable, not exceeding sixty days after such decision shall have been made from the termination of the trial, and notice thereof shall be forthwith given by the prothonotary or clerk to the parties or their attorneys, and if no exceptions thereto are filed in the proper office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk." The language of this section is so plain that it is difficult to understand how a mistake could be made in the practice thereunder. It was clearly the duty of the court to direct the prothonotary to file the findings of fact and conclusions of law and give the notice provided in the act and, if no exceptions were filed within thirty days after service of such notice, enter judgment in accordance with the findings.

In the present case the record does not show that the notice was given and it does appear of record that a final judgment was entered by the prothonotary, in pursuance

of the express direction of the court, on the very day that the findings of fact and conclusions of law were handed to him by the judge. It is contended on the part of the appellee that a proper notice was delivered to the counsel for the plaintiffs, and also to the counsel for defendant, and that said notice contained the following: "If no exceptions are filed within thirty days judgment will be entered thereon." This notice is printed in appellee's paper-book and it is signed by the prothonotary, but defendant's counsel denies having received the notice and the learned judge in his final opinion in this case says: "But there does not seem to be any proof of such service in the office. Later on, their attention being called to the want of proof of such service, notice was served as appears by the following docket entries:

"Oct. 19, 1911, certificate issued to A. L. Cole personally. October 19, 1911, certificate issued to W. C. Pentz by mail." On November 15, 1911, Mr. Cole, attorney for the defendant, filed exceptions as appears from the following docket entry: "Nov. 15, exceptions filed. On arg't list."

"And now, Nov. 15, 1911, the defendant, by his attorney, excepts to the judgment of the court in this case for the following reasons:

"1. The judgment was entered without notice and without opportunity to file exceptions to the findings of the court.

"2. The judgment was entered without observing the practice pointed out by the act of assembly, and is on its face irregular and illegal. If exceptions were now filed to the findings of law and facts they would not avail in the present state of the record."

The learned court below filed the following decree: "Now, January 15, 1912, the exceptions filed by the defendant, November 15, 1911, are hereby overruled and judgment is directed to be entered by the prothonotary in favor of the plaintiff and against the defendant in the sum of nine hundred and twenty-three and 13–100 dollars,

with interest from July 24, 1911, in accordance with the opinion and decree filed July 24, 1911. To this action of the court, at request of counsel for defendant, exception is noted and bill sealed. By the Court."

It will thus be seen at a glance that a final judgment was entered against the defendant without giving him the statutory notice and without he or his counsel having an opportunity to file exceptions to the findings of fact and conclusions of law. The learned court below expresses the opinion that the entry made by the prothonotary on July 24, 1911, did not amount to a judgment. We must disagree with this view as that entry, which is quoted above, contains all the necessary ingredients of a final judgment. In addition to that it was entered by the prothonotary in obedience to a plain direction by the court to so enter it. Now it is perfectly clear that from July 24, 1911, till the final decree made by the court, the defendant's counsel could not be called upon to file exceptions to the findings of fact and conclusions of law, because the whole matter was concluded by a final judgment. It is argued by counsel for appellees that defendant could have filed exceptions after his counsel was served with a notice on October 19, 1911, but this argument overlooks the fact that the final judgment of July 24, 1911, yet stood upon the record. The learned court below contends, in its opinion, that the notice of October 19, amounted to a notice to defendant's counsel that the judgment had been irregularly entered and was not relied upon by the prothonotary who entered the same, irregularly, and that the notice gave defendant's counsel thirty days in which to file any exceptions or objections going to the merits of the case. If the learned court had stricken the judgment of July 24, 1911, from the record, there would be much force in this contention, but, as we read the record, the court never struck that judgment off. While it was irregular and illegal, it was binding upon the parties till reversed or stricken off. It is idle to say that the parties could file exceptions to the findings of fact

and conclusions of law with what appeared to be a final judgment standing upon the record. It is not material how the prothonotary viewed that judgment on October 19, 1911, or thereafter. The parties had a right to consider it such a judgment as prevented the filing of exceptions in accordance with the act of April 22, 1874.

The learned court further says in its opinion: "Failure so to do cannot now be overlooked and defendant must be regarded as having waived any right to so file exceptions or objections. The act is purely statutory and even though defendant was now permitted, by leave of court, to file exceptions, they would not avail: Harris v. Mercur, 202 Pa. 313; Paul v. Grimm, 183 Pa. 326." The opinion then ends with: "No exceptions to the findings having been filed, judgment is directed to be entered."

We think the learned court misunderstood the two cases to which he referred. The case of Paul v. Grimm holds: "Where a case has been tried by the court without a jury in accordance with the Act of April 22, 1874, P. L. 109, exceptions cannot be considered which are filed more than thirty days after service of notice of the decision of the court, and after final judgment has been entered in compliance with an order of the Supreme Court." The other case cited by the court, Harris v. Mercur, is substantially to the same effect. The learned court overlooked the fact that both of those cases are predicated on the fact that the statutory notice had been given and the party had neglected to file exceptions within the time limited. The learned court seems to take the view that the defendant's counsel ought to have filed exceptions within thirty days after the notice of October 19, 1911. But how could he do this while the record showed the final judgment of July 24, 1911, still remaining in full force. The fundamental error which appears all through this case was the direction of the court below to the prothonotary to enter the final judgment of July 24, 1911, instead of directing the prothonotary to file the findings of fact and conclusions of law and to give the statutory

notice, and then if no exceptions should be filed within thirty days, to enter the judgment.

The view we take of this record requires a reversal of the judgment of July 24, 1911, and a reversal of the decree and judgment of January 15, 1912, and a direction to the prothonotary to serve the statutory notice upon the parties, or their counsel, of the filing of the findings of fact and conclusions of law and that no judgment be entered in default of the filing of exceptions until the expiration of thirty days from the service of such notice, and it is so ordered.

The assignments of error are sustained and the judgment of July 24, 1911, and the decree and judgment of January 15, 1912, are reversed, with a procedendo.