## State-Aid Highway Application No. 1075, Easton to Tatamy.

*Road law—Viewers' reports—Continuances—Entry nunc pro tunc—Acts of March 18, 1903, and July 14, 1917.*

1. Where a rule has been inadvertently granted, the court has power, upon argument, to enter the proper rule which the petition discloses should have been asked for.

2. Under the Acts of March 18, 1903, P. L. 28, and July 14, 1917, P. L. 849, the court has power, in a proper case, to extend the time for the report of viewers after the expiration of the term to which the order was returnable, though the viewers failed to have the time extended, and where the record shows that both sides participated in hearings before the viewers, which were held immediately before the return-day to which they finally made report, the court will order continuances from term to term, to be entered by the clerk *nunc pro tunc.*

3. Where the statute fixes a time within which an appeal must be taken, the courts have no power to enlarge the time, unless the party intending to appeal has been prevented from so doing by fraud or by the negligent acts of public officers.

4. The report should state specifically to whom, and when, the notice of the intention to file the report was given and by whom it was served, and copies of such notices should be attached thereto.

Rule to show cause why a report of viewers should not be set aside and stricken from the record. C. P. Northampton Co.

*Everett Kent*, for Forks Township.

*Smith, Paff & Laub*, for Charles A. Eyer, land owner.

STEWART, P. J., June 25, 1923.—This was a petition of the Supervisors of Forks Township, setting forth that on July 12, 1920, viewers had been appointed to ascertain damages sustained by the petitioner in a road view; that the viewers did not file their report until Feb. 13, 1922, and that in the interval the return to the order of court had not been continued from term to term, and that the order to view fell, and that the viewers were without authority to make the report they did. Secondly, that it was the duty of the viewers to give notice of their intention to file their report to all parties in interest, and that they had awarded the sum of $750 to the petitioner against Forks Township, and that no notice had been given to the officials of Forks Township until after the time the report was filed, when one of the supervisors casually learned of the same. Thirdly, that the report shows that the viewers adopted a wrong measure of damages. Petitioners prayed for a rule to show cause why the report of viewers should not be set aside and stricken from the records. An answer was filed to the petition, wherein it was averred that if the return had not been continued, as alleged, the error was

4 D. & C.

waived by the participation of the Supervisors of Forks Township in the proceedings, and that the report shows that due notice had been given to Forks Township of the filing of the report, as appears by the report itself, and as a matter of fact notice was given; and, further, that the court had no power to strike off the report, because the time for filing exceptions and the time for filing an appeal had expired, and that the petitioners were guilty of laches in making the present application. No depositions were taken, as should have been done, on the question of notice of the filing of the report, and the rule granted in this case was not the proper rule. The proper rules should have been a rule to show cause why exceptions should not be filed *nunc pro tunc* and a rule to show cause why an appeal should not be allowed *nunc pro tunc*. Each of these proceedings is separate. In Bowers *v.* Braddock Borough, 172 Pa. 596, Mr. Justice Green said, on page 600: "The filing of exceptions to the report of viewers has nothing to do with the right of appeal. That right can only be exercised according to the terms in which it is given. The hearing of the exceptions can go on and be completed before the case is actually tried, and if the exceptions are decided favorably to the appellant so as to defeat the proceeding, no trial will be necessary. If otherwise, the trial can then proceed." We have carefully examined the matters raised in the present proceedings, and have been greatly aided by the arguments and excellent briefs of counsel. We do not believe that either side would wish us to simply end the matter by discharging the present rule. The court always has power, on the presentation of a petition, to grant the proper rule, and we will do so in this proceeding, and will dispose of them as if the above rules had been granted when the petition was presented. The alleged neglect to secure the proper extensions of time to file the report is a matter of exception. By standing rule of court, there shall be held annually seven regular terms of the several courts of this county, beginning respectively on the second Mondays of February, April, June, July, September, November and December. The record in this case is remarkable for its disregard of orderly procedure. The order was returnable to September Term, 1920. After that date nothing was done to continue the order until Dec. 20, 1920, which was a week too late, when the court extended the time to make report until the second Monday of February, 1921. On the latter date the time was extended to the second Monday of April, 1921. At the latter date the time was extended to the second Monday of June, 1921. On the third Monday of June, 1921, the time was extended to the second Monday of September, 1921. After that date there were no further extensions, and the report was filed on Feb. 13, 1922. It will thus be seen that time and again there was a default in this matter, and the authorities show that if it had not been for the acts of assembly, hereinafter referred to, this would have been a fatal defect. See Sewickley Township Road, 26 Pa. Superior Ct. 572; Road in Reserve Township, 2 Grant, 204; In re Road in Salem Township, 103 Pa. 250, and many other cases. The authorities cited for the respondent as to waiver do not apply. They are all cases where the alleged default was want of notice to the parties of the view. It was there held that as they participated in the proceedings, they waived the notice, but, as the above authorities show, a failure to secure an extension of time to make report is jurisdictional. The viewers have no authority to act. The whole procedure becomes invalid, and the parties have a right to consider that the procedure has been abandoned. The law so remained until 1903, when the Act of March 18, 1903, P. L. 28, was passed. That act provides: "That viewers, or juries of view, appointed by any court of this Commonwealth to assess the damages and benefits due to the taking, injury or destruction of

private property, in and by the construction or enlargement of any public work, highway or improvement, shall make their reports within a time which said court shall fix when so appointing them: Provided, that if any of the viewers, or juries of view, so appointed shall for any good and sufficient reason appearing to the court be unable to file its report within the period so fixed, the said court may, in its discretion, either before or after the expiration of the time fixed, extend the time for the filing of such report to such a time as justice and the circumstances of the case may demand." The act came before the Superior Court in Umbria Street, 32 Pa. Superior Ct. 333, and it was decided to be constitutional. In that case Judge Orlady said on page 336 as follows: "The former practice was found to be burdensome upon both the courts and suitors in having continuances noted each month, when it was well known that it was not possible to have a final report made within the time stated: Knox Street, 12 Pa. Superior Ct. 534. The purpose of the act was to relieve this cumbersome procedure, and it required that the 'jurors shall make their reports within a time which said court shall fix when so appointing them,' and within which it was reasonable to be expected that the jurors could discharge their duties. No right of either party was affected by so doing, as the same result could be secured under the former practice by having the orders made from month to month. The act relates only to the order of practice and tends to facilitate the work of the court in not cumbering the record with decrees that serve no good purpose." The Act of July 14, 1917, P. L. 840, under which, it seems to us, these proceedings must have been had, although the viewers report otherwise, in its 468th section, contains substantially the same provisions, and what Judge Orlady said with reference to the Act of 1903 applies to the latter act. Having the power to make this order *nunc pro tunc*, and having in mind the fact that the record shows that the township participated in the hearings, particularly those held in December, 1921, it is proper to extend the time for the return *nunc pro tunc* in the several cases where it was omitted to be done, and we will make that order. The other matter of exception is as to the alleged mistake of the viewers in their rule for the ascertainment of damages. It has been many times decided that the court, on an exception filed, cannot go into those matters. The remedy is by an appeal. On the subject of notice, we shall only discuss one matter, and that is the power of the court to consider this subject. The order that we made was as follows: "And now, Feb. 13, 1922, the within report filed and confirmed *nisi*, and if no exceptions be made, or appeal taken within thirty days, this confirmation to become absolute without further order." The present petition was not presented until May 15, 1922. The time for filing exceptions and the time for an appeal had both expired. The learned counsel for the respondent relies upon Harris v. Mercur, 202 Pa. 313, where it was held: "In all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void. Where a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice." That case has been cited many times. We discussed it in Kaumagraph Co. v. Thissen Silk Co., a case which was affirmed in 42 Pa. Superior Ct. 110, the syllabus of which is as follows: "The neglect of counsel in reading only part of a notice intended to guide attorneys as to the dates of terms, and the placing of a wrongful construction on such reading, will not entitle a defendant represented by the attorney to an appeal *nunc pro tunc* from the judgment of a justice of the

4 D. & C.

peace after the time for appeal has expired." It was also referred to in Smyers v. Albert, 52 Pa. Superior Ct. 163, and on page 168 Judge Morrison states that the decision is predicated on the fact that notice had been given and the party neglected to file the exceptions. In Wise v. Cambridge Springs Borough, 262 Pa. 139, the syllabus is: "Where an act of assembly fixes the time within which an act must be done, as, for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, the court has power to extend the time for making an appeal; but where no fraud or anything equivalent thereto is shown, such appeals cannot be allowed." Mr. Chief Justice Brown discusses all the cases included in the above case. See, also, Singer v. Delaware, Lackawanna & Western R. R. Co., 254 Pa. 502, and Horn v. Lehigh Valley R. R. Co., 274 Pa. 42. The substance of the above decisions is that an appeal will not be allowed for the neglect either of the parties or their attorneys, but that where there has been fraud or omission on the part of a public official, the appeal will be allowed nunc pro tunc. The 290th rule of court provides, inter alia: "In all cases where the court shall appoint viewers for the laying out of roads, or a vacation of roads, or for the condemnation of property under the exercise of the right of eminent domain, before filing the report of the viewers, the viewers shall be required to give the parties or their counsel five days' notice of their intention to file such report, and shall set forth in their report the fact that such notice was given." That rule is a good rule, and the present case, if the damages are as alleged, justifies its adoption. The only fault with the rule is that it does not go far enough. It requires the viewers to set forth in their report "the fact that such notice was given." In their report the viewers set forth as follows: "The viewers have given to all parties interested in the alterations and takings above mentioned five days' notice of the viewers' intention to file this report of the second Monday of February, 1922, as provided by the rules of court. All notices and the testimony taken in the proceedings in this case of 'view' are submitted herewith." When we turn to the papers, we find copies of the notices of the view, but there are no copies of notices to any one of the filing of the report. The Act of April 3, 1899, P. L. 26, requires the viewers to give the county commissioners, or their clerk, written notice of the time and place of holding a view, and that copies of such written notice, properly attested, shall be filed with the report; and the Act of May 2, 1899, P. L. 176, requires the same written notice to the supervisors and the filing of attested copies of the notice. Our rules of court, sections 286 and 290, contain provisions as to the notice to the owner of the time and place of a view, and specifically make them subject to existing acts of assembly, but there seems to be no provision in the court rules requiring the attaching of copies of the notice to the report. It is manifest, however, from the above quotation, that the present report does not conform to good practice. The report should state specifically to whom the notice was given, by whom it was served, and when it was given, and copies of such notices should be attached to the report. If it should be proven, by the taking of deposition, that the Township of Forks did not have notice through the neglect of the viewers to give it to the supervisors or their counsel, it would be proper to allow an appeal nunc pro tunc. These depositions must be taken before we will dispose of that rule. At the present time we make the following order:

State-Aid Highway Application No. 1075, Easton to Tatamy.

And now, June 25, 1923, rule granted May 15, 1922, is discharged, and the clerk will enter, as of this date, "rule granted on petition of May 15, 1922, to show cause why exceptions to the report of viewers filed Feb. 13, 1922, should not be filed as of Feb. 13, 1922, *nunc pro tunc.*" Rule discharged. Also, "rule to show cause why an appeal from the report of viewers filed Feb. 13, 1922, should not be filed as of Feb. 13, 1922, *nunc pro tunc.*" Depositions to be taken under this rule 'within thirty days from this date. The clerk will also enter on the record: "And now, June 25, 1923, continuances of the order to return from the second Monday of September, 1920, to the second Monday of February, 1922, from term to term, where the same have been omitted, are granted, as of this date, *nunc pro tunc.*"

From Henry D. Maxwell, Easton, Pa.