## Conerty's Application

Before Niles, P. J., and Sherwood, J.

*Benjamin L. Levi*, for appellant.

*Ralph F. Fisher*, district attorney, for county treasurer.

Niles, P. J., June 26, 1933.—This matter comes before the court upon an appeal by Charles P. Conerty, alleging to be a person aggrieved by the refusal of Henry E. Rebert, Treasurer of York County, to issue a retailer's license **for** 1933, under the Beverage License Law of May 3, 1933, P. L. 252.

The admitted facts are that Conerty filed his application with the treasurer on June 5, 1933. The ground for refusal of license by the treasurer was that **the** application was not filed at least 1 week before the first of June 1933. The legality of the treasurer's refusal is the only question involved in this appeal. The argument of counsel for appellant admits that such an application as this of the appellant is required by the tenth section of the act to be filed with the treasurer at least 1 week before the first day of June. This application was not filed with the treasurer until June 5, 1933. If the act means what it distinctly says, the treasurer's refusal to issue a license upon this application is correct.

This court is given jurisdiction by section 7 of the act. Counsel for the applicant contend that "a reasonable interpretation of sections 9 and 10 should be

given to permit the granting of a license at any time during the year, provided the application has been on file at least 1 week before being granted, and payment is made for the license for the entire year."

This accords with the answer to a question propounded to the Attorney General: "May the treasurer grant a license after June 1st?" In answer to this question, together with others propounded to him, the Attorney General with perfect propriety, we are informed, took the position that "except that the Attorney General may petition the court in any county to revoke a license, the administration of this law is under the jurisdiction of the several counties. It is not the duty of the Attorney General to advise county officers on questions which arise. However, solely as an accommodation to permit uniformity in the administration of the provisions of the act, answers have been given to the questions submitted."

This correct view contains the answer to the proposition made by this applicant: "The contemporaneous construction placed upon a statute by the officers or departments charged with the duty of executing it is entitled to more or less weight, especially if such construction has been made by the highest officers in the executive department of the government, . . . and, while not generally controlling, where the case is not extreme and no vested rights are involved, such construction should not be disregarded or overturned except for the most cogent reasons, and unless clearly erroneous. Even where the executive construction is unsupported by law, it will be disturbed only when the issues presented require it": 59 C. J. 1025-1029.

The case presented before this court now evidently does not come within the above approved principle. As he himself admits, the Attorney General was not charged with the duty of executing the Beverage License Law of 1933 in the particular before us. The duty of issuing or refusing retailers' licenses is primarily vested in the county treasurer, subject to appeal to the quarter sessions court, upon which is imposed the final duty of decision. We are asked to construe the ninth and tenth sections of the act contrary to the express provisions that licenses shall be for 1 year beginning June first, and every applicant shall file with the treasurer his application at least 1 week before the first day of June and shall at the same time pay said treasurer $10 for the use of the county.

The Brooks High License Law of 1887 contained a similar requirement regarding the time of filing applications for license. They were required to be filed with the clerk of the courts at least 3 weeks before the first day of the sessions of the court at which the applicants were to be heard. This was considered to be mandatory in the case of Crawford's License, 33 Pa. Superior Ct. 338. We consider that ruling governs regarding a similar provision of the Beverage License Law of 1933.

It is said that in several other counties of the Commonwealth it has been ruled that notwithstanding the words of the act requiring applications to be filed before the first day of June they may be filed at any time during the year June 1, 1933, to June 1, 1934. It is urged that this presents an ambiguity and confusion which warrants the courts in construing the law contrary to its express terms.

We have considered the able argument of the learned counsel for the appellant, together with the cases cited to sustain it, and are compelled to the conclusion that it is invalid as applicable to this case. True, it is the duty of the court to ascertain and give effect to the intention of the legislature, and when necessary to effectuate a plain legislative intent to consider particular words accordingly and even interpolate additional words. This can only be so where the words of the statute are not explicit. The words of this statute requiring the filing of an application "at least one week before the first day of June" are

explicit. It cannot be said that there is any ambiguity which would allow a construction contrary to the words used by the legislature. The legislature could have declined to pass any law upon this subject and have left the sale of nonintoxicating beer without legal restraint or license. It had the authority to prohibit such sale, except in accordance with the provisions for licenses. The legislature did pass the act which the Governor approved May 3, 1933, specifically and clearly prohibiting the sale of malt, vinous, and fruit-juice beverages containing one half of 1 percent or more of alcohol by volume and not exceeding 3.2 percent of alcohol by weight, except by persons filing applications at least 1 week before the first day of June and, in accordance with the other provisions of the act, licensed by the county treasurer.

There would seem to be no ambiguity regarding this legislative enactment. It would be an infringement by the judiciary upon the constitutional functions of the legislature, by a pretended construction based upon an ambiguity which does not exist, to rule on this appeal that the refusal by the treasurer of the application of this appellant was erroneous. A preliminary requisite of the granting of the license is that the application therefor shall be filed with the treasurer "at least one week before the first day of June." There is no ambiguity about this. Appellant's application was not so filed and the treasurer therefore refused it.

And now, June 26, 1933, after due consideration by the court in banc, the court sustains the refusal of the treasurer to issue the license to the applicant, the appellant.

From George Hay Kain, York, Pa.