# Brittain v. Troy Coal Company et al.

*Max Rosenn*, for petitioner.

*B. R. Jones, Jr.*, and *Frank McGuigan, Jr.*, contra.

COUGHLIN, J., September 12, 1934.—This matter originated before a justice of the peace. Suit was brought for wages by plaintiff against defendants. The transcript shows that the suit was for wages earned in Luzerne County. Judgment was given in the sum of $88 for wages owing.

An appeal was taken by defendants. Bail was given in the sum of $50, conditioned for the payment of costs. An affidavit was filed by one of the defendants, M. J. Healey, Sr., to the effect that the appeal in the case was "not taken for the purpose of delay, but because deponent verily believes that injustice has been done." No affidavit was taken in behalf of Troy Coal Company.

A petition was subsequently filed to the above term and number by the plaintiff, asking that the appeal be stricken off for the reason that the affidavit was not in accordance with the Act of February 28, 1870, P. L. 269, and bail was not given in accordance with the Act of 1846 (1876 is no doubt intended).

An answer is filed to plaintiff's petition by defendant Martin J. Healey, Sr., wherein the facts aforesaid are admitted. He claims, however, the right to amend as to the affidavit and bond, and prays that the rule be dismissed at the costs of the petitioner.

We believe the disposition of this rule is controlled by the decision of Judge Valentine in the case of Bredbenner v. Sorber, 25 Luz. L. R. 283, wherein he states as follows:

"If the affidavit filed in the present case substantially complied with the provisions of the Act of 1870, we would be inclined to the opinion that it could now be amended. Stukey *v*. Rissinger [12 Luz. L. R. 198], *supra*. But the affidavit is not defective because of any omission or failure to comply with the provisions of the Act. It was filed under an entirely different Act, and applies to an appeal in an entirely different kind of case. The purpose of the Act of 1870 was to regulate the taking of appeals in cases falling within its provisions. By its express language, the affidavit required by the Act shall be made 'before any such appeal be granted', and the making of an entirely different affidavit is manifestly not even a substantial compliance with its provisions."

It is further said in that case: "We think that this Act received the correct construction in the case of McGeehan *v*. O'Donnell [8 Kulp, 159], *supra*, in which it was held that 'the Act is definite and peremptory'; and that the Court is now without authority to permit the filing of an altogether different affidavit. The general principle of construction of statutes as stated in Harris v. Mercur, 202 Pa. 313, is that 'In all cases in the courts where the authority to proceed is conferred by statute and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory and must be strictly complied with.' "

This case was cited with approval in Keithline v. Wilkes-Barre Taxi Cab Co., 27 Luz. L. R. 35, wherein the opinion was written by the writer here: Bredbenner v. Sorber, 25 Luz. L. R. 283, supra, differs from the case of Keithline v. Wilkes-Barre Taxi Cab Co., wherein the affidavit was held sufficient under the Act of April 20, 1876, P. L. 43, since it did not appear that the wages were earned in Luzerne County. Amendment of the bond in that case was permitted, the affidavit not being defective. In the present case, however, the affidavit is clearly a nullity, as decided in Bredbenner v. Sorber, and hence the court is without jurisdiction to hear said appeal.

Rule to show cause why the appeal in the above case should not be stricken off is made absolute.