## In re South Philadelphia Merchants' B. & L. Assn.

*Herman & Harris*, for claimant.

*Sylvan A. Hirsch* and *Herbert P. Sundheim*, Special Deputy Attorneys General, and *H. N. Merritt*, contra.

MACNEILLE AND MILLAR, JJ., November 16, 1936. — The first and partial account of the Secretary of Banking, in possession of the South Philadelphia Merchants' Building and Loan Association, was called for audit on June 17 and 18, 1936, in Room E, City Hall. Proof of notice of the filing of the account and of the time and place of audit was duly filed and made part of the record.

On June 2, 1936, this court entered a decree confirming absolutely all items set forth in the account as to which no objections or exceptions had been filed, and fixed June 17, 1936, Room E, City Hall, for hearing of objections and exceptions. At the hearing testimony was taken on the following claims which were objected to by the Secretary of Banking, for the court's decision. . . .

18. The Integrity Trust Company's claim for taxes for the years 1934 and 1935 on 2630 South Seventh Street, does not appear in the account. The Integrity Trust Company filed a petition for leave to file its claim nunc pro tunc in May 1936. The first and partial account in this estate was filed on March 20, 1936, and was regularly advertised on March 20 and 27 and April 3, 1936, in the Philadelphia Record and The Legal Intelligencer. The Integrity Trust Company filed a petition for leave to foreclose its mortgage on this property, and, on December 2, 1935, took title from the sheriff. It paid the taxes on March 21, 1936, and thereafter had 29 days from the time the first and partial account was filed, March 20, 1936, to file a petition for leave to file a claim nunc pro tunc. It waited until May 1936. The court, on the return day of the petition, made absolute the rule to permit the Integrity Trust Company to file its claim nunc pro tunc. To this ruling the Secretary of Banking has filed an exception.

The court is of the opinion that it erred in making absolute the rule to permit the filing of the claim nunc pro tunc in view of the fact that under the Department of Banking Code of May 15, 1933, P. L. 565, sec. 1003, there is no discretion in the court to permit a claim to be filed

nunc pro tunc 30 days after the filing of the first and partial account. This section reads as follows:

"However, the court may, upon petition and adequate cause shown, permit any creditor to file his claim upon a later date, but no claim shall in any event be allowed to be filed after the last day for the filing of exceptions to the first account of the secretary."

This court in this proceeding discharged a petition filed by the Land Title Bank and Trust Company, trustee, for leave to file a claim nunc pro tunc, on June 30, 1936.

Section 1003 of the Department of Banking Code, supra, has been construed in an opinion by Judge Shanaman of Berks County in the case of Harr, Receiver, v. Hirsh-Luria B. & L. Assn., 26 D. & C. 643, wherein the court of Berks County held that under section 1003 of the Department of Banking Code petitions for leave to file claims nunc pro tunc cannot be allowed 30 days after the filing of the first and partial account.

In Harris v. Mercur (No. 1), 202 Pa. 313, 318 (1902), the Supreme Court of Pennsylvania said:

"The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors: Bleecker v. Wiseburn, 5 Wend. 136. 'It has been repeatedly held,' says Mr. Sedgwick (Construction of Statutory and Constitutional Law, 277), 'that courts have no dispensing power, even in matters of practice, when the legislature has spoken. . . . When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice.' "

The exception of the Secretary of Banking to the action of the court in making absolute the rule to permit Integrity Trust Company to file claim nunc pro tunc is sustained and the rule is now discharged. Accountant will make distribution in accordance with this adjudication.