## Borota's License

*Homer L. Kreider*, for appellant.

*Horace A. Segelbaum*, Special Deputy Attorney General, and *Claude T. Reno*, Attorney General, for the board.

HARGEST, P. J., April 29, 1940.—This matter comes before us upon an appeal of Dusan Borota from the action of the Pennsylvania Liquor Control Board.

Appellant owned and operated a restaurant in the village of Bressler, in this county, known as the Bressler Café, and during the year 1939 held a restaurant liquor license which expired January 31, 1940. On November 17, 1939, he endeavored to have his restaurant business and liquor license transferred to George Melenkovich, and joined the latter in an application for the transfer of said liquor license. The application was refused January 5, 1940. Counsel for applicant requested a hearing, which was held February 1, 1940, and on February 15,

1940, the transfer was again refused. On February 3, 1940, Dusan Borota filed an application for the renewal of his license which had expired on January 31, 1940, and on February 13, 1940, this application for renewal was refused on the ground that it had not been filed as required by law. Applicant then petitioned the court to revoke the order refusing his application, to the end that "he may file his application for renewal of his liquor license nunc pro tunc".

Section 409(*b*) of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §§744-409, provides, inter alia:

"All applications for renewal of licenses shall be filed at least sixty days before the expiration date of same, and not thereafter."

The question before us is no longer an open question.

In Crawford's License, 33 Pa. Superior Ct. 338, it is held:

"The requirement of the Act of May 13, 1887, P. L. 108, that every application for a liquor license shall be filed three weeks before the first day of the session at which the same is to be heard is mandatory; and the court has no authority to grant a license where the application has been on file for only nineteen days before the first day of the session."

See also Runkle's License, 37 Pa. C. C. 301, and Conerty's Appeal, 47 York 45.

In Harris v. Mercur (No. 1), 202 Pa. 313, 318, the court said:

"The commands of a statute cannot be waived or dispensed with by a court. . . . When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice."

In Fayette County Commissioners' Petition, 289 Pa. 200, 205, it was said:

". . . if a statute fixes a definite period during which an act must be performed, action thereafter will be ineffective".

And, in East Lake Road and Payne Ave., 309 Pa. 327, 329, the Supreme Court said:

"We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory."

The act of assembly in this case could hardly have been more mandatory. It requires that the applications "shall be filed at least sixty days before the expiration date of same, and not thereafter." This leaves the court without power to change the statutory requirement.

The cases cited in behalf of appellant with reference to the allowance of appeals in certain cases have no application to the present question.

And, now, April 29, 1940, the appeal of Dusan Borota from the refusal of the Pennsylvania Liquor Control Board to permit him to file an application for renewal of license nunc pro tunc is hereby dismissed at the cost of appellant.