## In re Duryea Borough School Directors

Before Valentine, P. J., Aponick, Flannery, Lewis and Pinola, JJ.

*Nicholas R. Degillo*, for petitioners.

*Charles A. Shea, Jr.*, for respondents.

FLANNERY, J., March 5, 1954.—Citizens of the Borough of Duryea obtained a rule to show cause why respondents there named, being the seven members of the Duryea School Board, should not be removed from office.

The school directors, in turn, obtained a rule to show cause why the proceedings should not be dismissed, alleging as ground therefor: (1) That the rule was not made "returnable in not less than ten or more than twenty days from the date of issue therefor," as required by the statute, and (2) that the rule was served on only two directors, the president and the secretary of the board.

There was a third reason having to do with a mistaken date but, since this was an oversight and inadvertent, we are treating the order as having been signed on December 1, 1953, which appears to be the date it was actually signed and not November 1, 1953, as written.

We are satisfied the rule to dismiss the proceedings must prevail.

" 'Statutes providing for the removal of officers are generally held to be penal in their nature, and should be strictly construed.' 46 C. J., section 145, p. 984": Jenkins Township School Directors' Removal Case, 344 Pa. 267, 272, 273.

We then measure the questions here by that exact standard.

Article III, sec. 318, of the Public School Code of March 10, 1949, P. L. 30, under which the proceedings were instituted, requires such rules for ouster to be made returnable in not less than 10 or more than 20 days from the date of issue. Here, the date of issuance was December 1, 1953, the return date was January 4, 1954. It was clearly in violation of the statute.

As set forth in the syllabus of Harris v. Mercur (No. 1), 202 Pa. 313:

"In all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void.

"When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice."

And a more recent pronouncement:

"The Legislature may fix a time within which ministerial acts of procedure must be performed by litigants

and parties so that the Court may acquire jurisdiction of the subject-matter and the courts will not alter this legislative mandate: Meitner v. Scarborough, 321 Pa. 212, 214; Singer v. Del. L. & W. R. R. Co., 254 Pa. 502, 504; Harris v. Mercur (No. 1), 202 Pa. 313, 316": Socialist Labor Case, 332 Pa. 78, 80.

We can only conclude, therefore, (a) that the statute must be strictly construed; (b) that the return of the rule is of primary importance, since only by adherence to the statutory requirement does the court obtain jurisdiction; (c) the statute was not complied with and (d) we are without jurisdiction.

The question of service, therefore, becomes academic, but it is important and will be decided.

Complainants seek to oust seven directors. They served the rule on only two, the president and secretary of the board.

The code provides that, for removal, the court shall grant a rule upon the school directors as we have indicated above. It then contains this significant sentence:

"The school directors shall have at least five days' notice of the granting of the rule."

Nothing could be clearer to us than that defendant directors shall each receive notice of the proceedings by service of the rule within five days after it is granted. There is nothing in the record here to indicate that Directors Edward A. Maziarz, Chester J. Korpusik, James P. Hadley, Joseph M. Rava and Edward Murzenski, five of the seven accused, have been served or otherwise made a party to these proceedings. The record as to them is bare. The sheriff's return shows service on Edward Joseph and Rudolph Solarchik only, as president and secretary, respectively.

It is true that under article II, sec. 213 of the code, legal process against any school district shall be served on the president or secretary of its board of school di-

rectors, but this governs the district in its right to sue and be sued. It has no bearing on the directors personally.

Wherefore, the rule for removal is vacated and set aside as prayed for.